Higenbothem agt. Lowenbein.

## NEW YORK SUPERIOR COURT.

WILLIAM HIGENBOTHEM agt. ABRAHAM LOWENBEIN.

Where a *tenant* holding over, is liable to be *dispossessed* by virtue of a warrant regularly issued against him by an *incoming tenant*, the latter is not liable for assisting at the request of the constable, to remove the goods in a careful and proper manner, although the day may be *rainy*, and the goods are put out in the rain, and as alleged, suffered injury.

A *warrant of dispossession* properly and regularly issued, protects all who act under it, unless they act *wilfully and maliciously*. And the law does not recognize the *state of the weather* in executing such a warrant.

*New York General Term, November*, 1864.

*Before* ROBERTSON, *Ch. J.*, MONELL and McCUNN, *Justices*.

THIS is an action for injury to personal property, and also for the conversion of property. Damages were laid by plaintiff at $5,000.

CHAUNCEY SHAFER, *for respondent*.
HENRY MORRISON, *for appellant*.

By the court, McCUNN, J. It appears from the pleadings and by the evidence in the case, that the plaintiff as tenant, occupied certain premises known as No. 241, Bowery, in the city of New York, and that on the first of May, 1856, he held over after the expiration of his lease. The defendant, the incoming tenant, under a new lease and by virtue of the statute giving him the right, took legal steps to evict the plaintiff, and procured the proper warrant for that purpose, and under such warrant plaintiff was removed from the premises. The plaintiff claimed and endeavored to give evidence at the trial, that in the removal of his goods under the warrant, the defendant, rendered himself liable for injury to the plaintiff's property, either through negligence or malice. Plaintiff further claimed, that in addition to his loss for such injury to his goods, the defendant prevented him from removing and taking away a temporary workshop,

which he (plaintiff) had erected on the premises at his own expense, worth at least $300, thereby converting the same to his own use.

The defendant set up in his answer, and endeavored to prove on the trial that the shop belonged to the realty, and that consequently plaintiff had no right to remove the same, and that in removing the goods from the premises under the warrant to dispossess, he (the defendant) acted under color of law, and that the property was not injured by such removal. As to the question of the shop belonging to the realty, very serious doubts arise in my mind in examining that question, but I am relieved, however, from this responsibility, by reason of a portion of the charge of the learned justice who presided at the trial, in which I think he was in error; this being so, I pass this question and other questions arising in the case, and proceed at once to that portion of the charge in which I think there is a clear mistake made as to the law.

It would seem to be conceded by both parties, because I find no objection taken at the trial, that the proceeding had before the justice, and the warrant issued thereunder to dispossess the plaintiff from the premises, was regular in all respects, and was in strict accordance with the statute, and that the plaintiff in this suit was liable to be dispossessed by virtue of said warrant against him. This being so, did the defendant, acting at the request of the constable, render himself liable in assisting to remove the goods in a careful and proper manner? Clearly not. The warrant protected all, unless the defendant acted maliciously and wilfully, and of this there is no evidence.

The learned justice made use of the following language in a portion of his charge: " One of the witnesses, the plaintiff I believe, testifies that the day on which the property was removed was a rainy, bad day; that it rained all day, and the property was put out in the storm, and necessarily suffered injury in consequence of that. If that

is so—if the property was removed at an improper time, so that for that reason such removal would cause great injury to the owner, it was an unlawful act. It was contrary to the great rule of law, which commands us to do to others as we would be done by. The constable is commanded by the warrant to be sure to ' immediately' remove certain property from the premises; but it is common sense as well as good law, that he is not bound to remove property which would be destroyed by a storm, in the midst of a tempest. It is not doing as we would be done by; it is not right, and therefore not justified by law." * * *

That the use of this humane language by the justice, I have no doubt had a powerful effect upon the jury, and to a very great degree influenced their minds in arriving at a conclusion as to what their verdict should be, and although such advice would have been most kindly intended to Lowenbein, the defendant, to desist from the execution of the warrant on that rainy day, and wait until the clouds would pass away and sunshine again break forth, yet I am constrained not to recognize this theory as sound law. To give encouragement to such a principle, would in the end embarrass the entire proceedings of our courts, and tend in a very great measure to defeat the aim and object of the law. The law does not, in this sense recognize the state of the weather, and it is for these reasons, without entering more fully into the case, that I find myself compelled to adopt the opinion that the judgment in this case should be reversed and a new trial ordered, with costs to abide the event.

Chief Justice ROBERTSON and Justice MONELL concurred.