Starkweather *v.* Seeley.

—————o·◉·•—————

## STARKWEATHER *vs.* SEELEY.

A person not a party to summary proceedings, under the statute, to recover the possession of land, who has been dispossessed by the sheriff, by virtue of a warrant issued by the judge, can not sue out a certiorari to review the proceedings.

The matters stated in the affidavit on which a writ of certiorari is allowed are no part of the record, and can not be noticed for the purpose of determining either the regularity or the validity of the proceedings before the county judge.

The true test, as to the right of review is, was the person seeking to review, a party, in form or in substance, to the proceeding sought to be reviewed, so as to be concluded by the determination thereon ? If not, although his rights may have been infringed by an improper execution of the process, he can not bring up the matter for review.

THIS case comes before the court by virtue of a certiorari, directed to Hon. John C. Chumasero, county judge of Monroe county, to review the proceedings instituted by Stark-weather before said judge, under the statute in relation to summary proceedings to recover the possession of land. The case is this: On the 22d day of July, 1865, Starkweather presented an affidavit to said judge, claiming that Isaac Seeley, or his assigns, held over and continued in possession of certain premises therein described, without his permission as landlord. Upon that affidavit the judge issued a summons, directed to Seeley, alone, in the usual form, commanding him forthwith to remove from said premises, or show cause before him, on the 26th day of July, why he did not remove. Seeley was not in the actual possession of the premises, but Silas Leonard occupied the same, and farmed the same, and had the sole and exclusive possession thereof. No summons or other paper was served on him, and he had no notice of the proceedings whatever, and therefore did not appear before said judge. Starkweather made an affidavit of service of the summons on Seeley, and on the 26th appeared before the judge—Seeley not appearing—and demanded possession of the premises; and thereupon the judge rendered judgment in favor of Starkweather, that he have possession, and immediately issued a warrant under his hand, directed to the sheriff of Monroe county, who proceeded to the premises and put Leonard out of possession, and set his property into the highway. The warrant commanded the sheriff to remove all persons from the premises.

*H. J. Thomas,* for Leonard.

*J. C. Cochrane,* for Starkweather.

*By the Court,* JOHNSON, J. The defendant has not sued out the certiorari in this case, and does not appear. For aught that appears, he acquiesces in the determination of

the county judge in the proceedings before him, and such is the presumption of law. The certiorari is brought by one Silas Leonard, who was not a party to the proceedings before the county judge, and who, as appears from the case before us, had no notice of them whatever until he was dispossessed, by the officer who executed the warrant issued by the judge, of the premises, and the plaintiff put in possession. The proceedings were all against the defendant, as the tenant of the plaintiff, holding over, and continuing in possession, after the expiration of the term created by his lease. It would seem from the affidavit on which the writ of certiorari was allowed, that Leonard was in possession of the premises and had a contract to purchase them from the alleged tenant Seeley. The contract is set out in full, but does not in terms give to Leonard the right of possession of the premises. · The matters stated in the affidavit, however, on which the writ was allowed, are no part of the record, and can not be noticed for the purpose of determining either the regularity or the validity of the proceedings before the county judge. The record is the return of the county judge, and it is by that alone that the proceedings before him must stand or fall. According to the return, the proceedings before the county judge appear to have been all regular. The proper affidavit was made to give the judge jurisdiction to issue the summons. The summons was regularly issued and served upon the party against whom it was directed, and duly returned. At the return day, or the time appointed in the summons for showing cause, no one appeared to show cause, whereupon the judge, as required by statute, issued his warrant in the form which the statute prescribes, commanding the officer " to remove all persons from the said premises and to put the said applicant to the magistrate into the full possession thereof." (2 *R.' S.* 514, § 33.) It appears by the return of the officer who executed the warrant that he had executed it by putting the plaintiff into possession, and by dispossessing Silas Leonard and all other persons whom he found in possession. This is all we can gather from the

return, as to any connection of Leonard with the premises, in any way whatever. And looking to the return alone, without any reference to Leonard's affidavit, no error appears in the proceedings. There was nothing before the judge to show, or to suggest the idea, that any one but Seeley was in possession, or claimed any right thereto, and the record shows nothing different. It is only by the extrinsic facts which appear in the affidavit, and which were not before the judge, that any error is made to appear. And these, as before suggested, can not be accepted as facts for the purpose of determining the questions properly arising here. I do not see, therefore, how the proceedings, which appear to have been all regular, can be reversed or quashed by us. It may be that Leonard was wrongfully turned out of possession, or may not. If he was, he has his remedy in some other manner to recover the possession of which he has been unlawfully deprived. Being no party to the proceeding before the county judge, and having no notice of it, he is clearly not bound by the determination, and it can constitute no bar to an action brought by him to recover his possession. He may still have redress, though in another form, upon making sufficient proof of his rights, on the trial of his action.

It is claimed by the plaintiff's counsel that Leonard has no right to the writ of certiorari to review the proceedings before the county judge, inasmuch as he was not there a party in form or substance, having according to his own showing no conventional relation as tenant to any one, and certainly not to the plaintiff or landlord in the proceedings. In the view I have taken of this case it is not perhaps necessary to decide this question. I am inclined to the opinion, however, that the objection is well taken. He might have made himself a party.

The 34th section of the statute, above referred to, authorizes any person in possession of the demised premises, or any person claiming possession thereof, at the time appointed for showing cause, to come in and file his affidavit with the

Starkweather *v.* Seeley.

magistrate who issues the warrant, denying the facts upon which the summons was issued, or any of them, and to have the matters thus controverted tried by a jury. It is obvious that a person, though not named in the summons, having connected himself with the proceeding in this way, might have his writ of certiorari to review the proceedings to which he was thus a party. But Leonard, so far as the record shows, may have been a mere stranger to all parties, or a mere agent or servant of Seeley. It is answered, that having had no notice or knowledge of the proceeding, it was impossible for him to make himself a party. But I do not see that this affects the question. True, he has been dispossessed under the general terms of the warrant; but his legal rights are not concluded or in any wise affected by the warrant, or the determination upon which the warrant was issued.

I think the true test as to the right of review is, was the person seeking to review, a party in form or in substance to the proceeding sought to be reviewed so as to be concluded by the determination thereon? If not, although his rights may have been infringed by an improper execution of the process, I think he can not bring up the matter for review. If my brethren agree with me in this view, the writ should be quashed. Proceeding upon the other view, that Leonard is a party in substance and effect, and has properly sued out this writ as such, if no error appears upon the record, the determination and proceedings should be affirmed. Such a determination of this proceeding might possibly conclude him, or at least greatly embarrass him in the prosecution of another remedy. I am of the opinion that the writ should be quashed, and Leonard pay the plaintiff's costs.

Judgment accordingly.

[MONROE GENERAL TERM, December 4, 1865. *Johnson, E. Darwin Smith* and *James C. Smith,* Justices.]