Croft *v.* King.

# New York Common Pleas.

*General Term—March,* 1879.

## WILHEMINA CROFT, ADMINISTRATRIX OF MARGARET FISHER, *against* RACHAEL KING, EXECUTRIX, &c.

Summary proceedings.—Parties.—Warrant.—The statute contemplates the joinder as parties, of the tenant and of all who derive title through him.

The wife of the tenant, his children, his servants, his boarders and guests may all be removed under the warrant of dispossession, though not made parties to the proceeding. These are the only persons the officer may lawfully remove without being named in the process.. If he removes a tenant not named in the warrant, he is liable for damages.

VAN HOESEN, J.—If the warrant had run against Becker only, the case of Welsh *v.* Cochran (63 *N. Y.* 181), would have been directly in point, but it required the removal of "all persons" from the premises, and that King, the landlord, should be put in full possession. The warrant was in due form, and was not broader than the statute permits. Tenants, their assigns, their under-tenants, and their legal representatives, ought properly to be made parties to summary proceedings; and there is a provision of the statute

under which any person may become a party or obtain
a hearing, by showing that he has possession or that
he claims possession of the premises, and by denying,
by affidavit, any of the averments of the landlord's
affidavit.   The statute contemplates the joinder of the
tenant, and of all who derive title through him, in the
proceedings instituted by the landlord.   But there are
other persons who may be lawfully on the premises,
and may lawfully be removed without having their
day in court, or any opportunity to object to the pro-
ceedings ; the wife, the children, the servants, the
boarders, the guests of the tenant may all be removed
under the warrant by virtue of which he is dispos-
sessed, though they have not been made parties.   These
are those whom the statute refers to where it provides
that the warrant shall direct the removal of "all per-
sons."   When a marshal receives a warrant, he knows
that there may be persons whom it may be necessary
to remove, in order to give the landlord possession,
whose names do not appear in the papers.   He must
dispossess them, and the warrant is his authority for
so doing.   In this case, he did the very thing he was
directed to, and he did not dispossess any one
whom his warrant did not run against.   The marshal
was not liable, therefore, for executing the warrant ; it
was regular in form ; the magistrate had jurisdiction
of the subject-matter ; and there was nothing to show
that he had not jurisdiction of the persons whose
property was to be removed from the premises, and
who were themselves to be evicted.   It was not for the
marshal to inquire whether the plaintiff was an under-
tenant, who ought to have been made a party, or a
boarder, whom it was not necessary to make a party.
His duty was simply to put her out, and to put King
in possession.   This he did.

Now it appears that she was an under-tenant of
Becker; she ought, therefore, to have been joined in

the proceedings (Sims v. Humphrey, 4 *Denio*, 185; Starkweather v. Seeley, 45 *Barb*. 164).

It was a trespass to dispossess her without giving her an opportunity to make her defense. She might have paid the rent, to protect her possession, or she might have taken a valid objection to some of the landlord's proceedings. At any rate the statute gave her a right to a hearing, and the landlord ought to answer in damages for the wrong. The plaintiff is answerable if the court proceeds at his application without jurisdiction, whether of the subject matter or of the person (Savacool v. Boughton, 5 *Wend*. 170; Starkweather v. Seeley, cited above).

It was said that the landlord knew nothing of these proceedings; but he instituted them, sued out the warrant, and, by his agent, caused it to be executed by the marshal. It was not necessary that he himself should have had the matter in his personal charge. He knew that the warrant was out, and said the marshal had done his duty in executing it.

King himself admitted that he directed the institution of the proceedings. It is the law that a party to the record is generally responsible for whatever is done in his name (Brown v. Feeter, 7 *Wend*. 301).

And where, as in this case, a party orders proceedings to be taken, he ought not to be excused from liability, because he does not know all the details rendered necessary by the practice of the courts.

The counsel for the appellant insisted that, after the letting by King to the plaintiff, it became the duty of King to notify the marshal of the tenancy, and to countermand the warrant against the plaintiff. Sheibel v. Fairbrain (1 *Bos. & Pull*. 388) and Brown v. Feeter (7 *Wend*. 301) are authorities holding the other way. I think the judgment of the marine court should be

reversed, and a new trial ordered, with costs to the plaintiff, to abide the event.

DALY, Ch. J., concurred.