---

THE GRAYROCK LAND COMPANY, Respondent, *v.* HARRIS WOLFF, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Officers — Compensation — Extra compensation; Reimbursement.

> Where a warrant in summary proceedings to recover the possession of real property does not require the marshal to remove the property of those whom it directs him to evict but he hires men to remove such property and pays them seventy-five dollars, the landlord, after having paid the amount to the marshal, cannot recover it from the tenant.
>
> WHITNEY, J., dissented.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, first district, borough of Manhattan, rendered upon the direction of a verdict in favor of the plaintiff.

House, Grossman & Vorhaus (Moses H. Grossman, of counsel), for appellant.

Ronald K. Brown (J. Albert Lane, of counsel), for respondent.

SEABURY, J. The plaintiff sues to recover for expenses alleged to have been incurred in removing the property of the defendant under a warrant of dispossess from premises which the defendant occupied as the tenant of the plaintiff, and also to recover for the rent of the premises for two and one-half days, during which it is claimed the defendant occupied the premises after the warrant of dispossess was issued.    In support of its cause of action, the plaintiff proved that it employed a city marshal to dispossess the defendant and that it paid the marshal seventy-five dollars for his services.    The marshal testified that it was necessary for him to employ twelve men in order to remove the defendant's property from the premises.

If the warrant so required, it would be the duty of the marshal to remove the property of those whom the warrant directed him to evict.    Croft v. King, 8 Daly, 265, 268; Higenbothem v. Lowenbein, 28 How. Pr. 221.    Here the command of the warrant merely required the marshal to remove Morris Wolf from the premises.    The warrant did not in terms require the removal of the defendant's property. In order to be insured of protection for his official acts, the marshal should obey the terms of the warrant.    The evidence shows that the marshal in removing the property assumed to act in his official capacity.    If he did not so act, he was merely a trespasser and was not entitled to compensation from the plaintiff, nor would the plaintiff be entitled to recover from the defendant for the amount which it paid the marshal.    As the marshal assumed to act in his official capacity, he was entitled to recover only the fees prescribed by law.

We take it to be elementary that a public official, whose fees for official services are prescribed by law, cannot maintain an action on a promise for extra compensation for extra services.    Hatch v. Mann, 15 Wend. 44; McCarthy v. Bonynge, 12 Daly, 356.    The reasons supporting this rule are so well grounded in public policy as to be self-evident. The fees allowed to marshals for services rendered under the provisions of the Municipal Court Act are prescribed by section 354 of this act.

A public officer who receives any inducement, gratuity or award, except such as may be authorized by law, for the doing of any official act, is declared by section 1826 of the Penal Law to be guilty of a felony.

The authorities upon this general subject are so fully discussed in Crofut v. Brandt, 58 N. Y. 106, where they are collated in the opinion of Judge Folger, as to render further comment upon them unnecessary. As the marshal was forbidden by statute from receiving any compensation greater than that prescribed by law, the plaintiff's agreement to pay such extra compensation created no binding obligation. Carpenter v: Taylor, 164 N. Y. 171. Much less could payment of such extra compensation by the plaintiff entitle it to recover the amount so paid from the defendant.

In so far as the plaintiff seeks to recover the value of the premises for two and one-half days, during which it is claimed the defendant occupied the premises after the warrant was issued, it is plain that it cannot recover, as it had already leased the premises for this term to another tenant.

The judgment is reversed, with costs, and complaint dismissed.

GUY, J., concurs.

WHITNEY, J. (dissenting). If I understood the facts as do the majority of the court, I would concur in its opinion. I infer from the evidence that the marshal acted officiously, without prior authority from the plaintiff, in hiring a man to remove the furniture for seventy-five dollars, but that the plaintiff subsequently ratified the act and paid the money, none of which went into the pocket of the marshal. A subsequent ratification is equivalent to a prior authority, and, if my understanding of the facts is the correct one, would bring the case as to the seventy-five dollars within the authority of Murtagh v. Conner, 15 Hun, 488.

Judgment reversed, with costs.