GRAYROCK LAND CO. v. WOLFF.

(Supreme Court, Appellate Term. March 21, 1910.)

1. LANDLORD AND TENANT (§ 311*)—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—DISPOSSESS WARRANT—EXECUTION.

If a dispossess warrant so required, it would be the duty of the marshal executing it to remove the property of those whom the warrant directed him to evict.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1323; Dec. Dig. § 311.*]

2. SHERIFFS AND CONSTABLES (§ 99*)—LIABILITY FOR OFFICIAL ACTS.

To be assured of protection for his official acts in executing a dispossess warrant, a marshal must obey the terms of the warrant.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 137; Dec. Dig. § 99.*]

3. SHERIFFS AND CONSTABLES (§ 99*)—UNOFFICIAL ACTS UNDER WARRANT—"TRESPASSER."

If a marshal, in executing a dispossess warrant, does not act in his official capacity, he is a "trespasser."

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 137; Dec. Dig. § 99.*

For other definitions, see Words and Phrases, vol. 8, pp. 7094, 7821.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SHERIFFS AND CONSTABLES (§ 28*)—COMPENSATION—UNOFFICIAL ACTS.
   If a marshal, executing a dispossess warrant, does not act in his offi-
   cial capacity, he is not entitled to compensation from the landlord; nor
   can the landlord recover from the dispossessed tenant the amount paid
   the marshal.
      [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§
   45, 58; Dec. Dig. § 28.*]

5. SHERIFFS AND CONSTABLES (§ 66*)—COMPENSATION.
   A marshal, acting in his official capacity, is entitled to the fees pre-
   scribed by law, and on grounds of public policy cannot recover on a prom-
   ise for extra compensation for extra services.
      [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §
   86; Dec. Dig. § 66.*]

6. CONTRACTS (§ 125*)—VALIDITY—ILLEGAL TRANSACTION.
   Under Penal Law (Consol. Laws, c. 40) § 1826, making it a felony for
   a public officer to receive any inducement or gratuity, except as author-
   ized by law, for the doing of any official act, a contract of a landlord with
   a marshal for extra pay for executing a dispossess warrant is not bind-
   ing, and the landlord cannot recover from the dispossessed tenant such
   sum paid the marshal.
      [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 583½; Dec.
   Dig. § 125.*]

7. LANDLORD AND TENANT (§ 198*)—RENT—RECOVERY.
   A landlord cannot recover the value of premises for 2½ days, during
   which a dispossessed tenant occupied the premises after the warrant was
   issued, where the landlord had already leased the premises for that term
   to another tenant.
      [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
   763; Dec. Dig. § 198.*]
      Whitney, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Grayrock Land Company against Harris Wolff.
There was a directed verdict for plaintiff, and defendant appeals.
Reversed and dismissed.

See, also, 120 N. Y. Supp. 89.

Argued before SEABURY, GUY, and WHITNEY, JJ.

House, Grossman & Vorhaus (Moses H. Grossman, of counsel), for
appellant.

Ronald K. Brown (J. Albert Lane, of counsel), for respondent.

SEABURY, J. The plaintiff sues to recover for expenses alleged
to have been incurred in removing the property of the defendant under
a warrant of dispossess from premises which the defendant occupied
as the tenant of the plaintiff, and also to recover for the rent of the
premises for 2½ days, during which it is claimed the defendant occu-
pied the premises after the warrant of dispossess was issued. In sup-
port of its cause of action, the plaintiff proved that it employed a city
marshal to dispossess the defendant, and that it paid the marshal $75
for his services. The marshal testified that it was necessary for him
to employ 12 men in order to remove the defendant's property from
the premises.

If the warrant so required, it would be the duty of the marshal to remove the property of those whom the warrant directed him to evict. Croft v. King, 8 Daly, 265, 268; Higenbothem v. Lowenbein, 28 How. Prac. 221. Here the command of the warrant merely required the marshal to remove Morris Wolf from the premises. The warrant did not in terms require the removal of the defendant's property. In order to be assured of protection for his official acts, the marshal should obey the terms of the warrant. The evidence shows that the marshal, in removing the property, assumed to act in his official capacity. If he did not so act, he was merely a trespasser, and was not entitled to compensation from the plaintiff; nor would the plaintiff be entitled to recover from the defendant for the amount which it paid the marshal. As the marshal assumed to act in his official capacity, he was entitled to recover only the fees prescribed by law.

We take it to be elementary that a public official, whose fees for official services are prescribed by law, cannot maintain an action on a promise for extra compensation for extra services. Hatch v. Mann, 15 Wend. 44; McCarthy v. Bonynge, 12 Daly, 356. The reasons supporting this rule are so well grounded in public policy as to be self-evident. The fees allowed to marshals for services rendered under the provisions of the Municipal Court act (Laws 1902, c. 580) are prescribed by section 354 of that act.

A public officer who receives any inducement, gratuity, or award, except such as may be authorized by law, for the doing of any official act, is declared by section 1826 of the Penal Law (Consol. Laws, c. 40) to be guilty of a felony. The authorities upon this general subject are so fully discussed in Crofut v. Brandt, 58 N. Y. 106, 17 Am. Rep. 213, where they are collated in the opinion of Judge Folger, as to render further comment upon them unnecessary. As the marshal was forbidden by statute from receiving any compensation greater than that prescribed by law, the plaintiff's agreement to pay such extra compensation created no binding obligation. Carpenter v. Taylor, 164 N. Y. 171, 58 N. E. 53. Much less could payment of such extra compensation by the plaintiff entitle it to recover the amount so paid from the defendant.

In so far as the plaintiff seeks to recover the value of the premises for 2½ days, during which it is claimed the defendant occupied the premises after the warrant was issued, it is plain that it cannot recover, as it had already leased the premises for this term to another tenant.

The judgment is reversed, with costs and complaint dismissed.

GUY, J., concurs.

WHITNEY, J. (dissenting). If I understood the facts as do the majority of the court, I would concur in its opinion. I infer from the evidence that the marshal acted officiously, without prior authority from the plaintiff, in hiring a man to remove the furniture for $75, but that the plaintiff subsequently ratified the act and paid the money, none of which went into the pocket of the marshal. A subsequent rati-

fication is equivalent to a prior authority, and, if my understanding of the facts is the correct one, would bring the case as to the $75 within the authority of Murtagh v. Conner, 15 Hun, 488.