(94 Misc. Rep. 328)

## McGONIGLE v. KRANIS et al.

(Supreme Court, Appellate Term, Second Department. March, 1916.)

1. MUNICIPAL CORPORATIONS ☞183(4)—CITY MARSHALS—FEES OF.

Despite Municipal Court Code (Laws 1915, c. 279) § 178, providing that marshals shall perform all other services required of them by law without any fees or compensation whatever therefor, and no other fees or compensation shall be allowed, a city marshal required to levy an execution out of the Municipal Court may, defendant having agreed to pay a fixed compensation if the marshal would not remove the property, but would place a keeper in charge until defendants could perfect an appeal, recover the amount agreed, a keeper having been placed in charge.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 478; Dec. Dig. ☞183(4).]

2. CONTRACTS ☞125—PUBLIC POLICY—CONTRACTS WITH OFFICERS—CITY MARSHALS—FEES.

An agreement by a city marshal, levying execution out of the Municipal Court, to permit the property to remain until appeal could be perfected, but to provide a keeper, defendant to pay the keeper's salary, is not invalid as contrary to public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 583–585; Dec. Dig. ☞125.]

3. MUNICIPAL CORPORATIONS ☞183(4)—CITY MARSHALS—CONTRACTS FOR FEES.

An agreement by defendants to pay a city marshal charged with levying execution out of the Municipal Court, fees to which he would be entitled for levying the execution, if he would permit the property to remain until they could perfect an appeal, is enforceable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 478; Dec. Dig. ☞183(4).]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Daniel McGonigle against Isaac Kranis and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.

Argued March term, 1916, before KAPPER, BLACKMAR, and CALLAGHAN, JJ.

Abraham L. Levy, of New York City, for appellant.
Ralph Copland, of New York City, for respondents.

KAPPER, J. The return shows a judgment "after trial on the merits." The record consists of the complaint only and a demurrer thereto upon the ground that "it does not contain facts sufficient to constitute a cause of action." The complaint alleges that the plaintiff is a city marshal; that there was issued to him an execution out of the

municipal court against the defendants for the sum of $372; that he duly levied upon the property of the defendants "who requested plaintiff not to remove said property, pending their application for appeal in said Municipal Court judgment against them"; that plaintiff and defendants agreed in writing that plaintiff should permit the levy to remain, but to place a keeper in charge of such levy, for which the defendants agreed to pay to plaintiff for said keeper $3 per day and $3 per night until the date of the sale, as per the written agreement, a copy of which was annexed to and made a part of the complaint; that the defendants thereafter appealed, and duly perfected their appeal from said judgment against them, and plaintiff thereupon released his levy and demanded his "lawful fees," amounting to $22.36, for which sum judgment was asked. Said written agreement further provided that, should proceedings be stayed, requiring plaintiff to release the levy, or should settlement be made between the execution creditor and the defendants, the defendants would pay the marshal's fees and disbursements, as well as the keeper's fees, up to the time of such disposition of the litigation, in the same manner as if the full amount of such execution had been actually collected by the plaintiff.

[1, 2] No view was expressed by the court below in sustaining the demurrer, but the respondents contend that the contract made between the marshal and defendants was invalid by reason of the inhibition contained in section 354 of the Municipal Court Act (Laws 1902, c. 580), now contained in section 178 of the Municipal Court Code, which, after prescribing the fees of marshals, provides:

"The said marshals shall perform all other services required of them by law, without any fees or compensation whatever therefor and no other fees, charges, or compensation shall be allowed to, demanded, or charged by any of the said marshals."

It is further urged by the respondents that the agreement contravenes public policy, and they cite in support of that view Grayrock Land Co. v. Wolff, 67 Misc. Rep. 153, 121 N. Y. Supp. 953, where a warrant in summary proceedings did not require the marshal to remove the property of those whom it directed him to eject, but he nevertheless hired men to remove such property and paid them $75 for their work, and it was held that the landlord, after having paid the amount to the marshal, could not recover it from the tenant. The court there say:

"As the marshal assumed to act in his official capacity, he was entitled to recover only the fees prescribed by law. We take it to be elementary that a public official, whose fees for official services are prescribed by law, cannot maintain an action on a promise for extra compensation for extra services. Hatch v. Mann, 15 Wend. 44; McCarthy v. Bonynge, 12 Daly, 356. The reasons supporting this rule are so well grounded in public policy as to be self-evident. The fees allowed to marshals for services rendered under the provisions of the Municipal Court Act are prescribed by section 354 of this act."

It is not my understanding of the law—

"that a public official, whose fees for official services are prescribed by law, cannot maintain an action on a promise for extra compensation for extra services."

Hatch v. Mann is explained in McCarthy v. Bonynge (both of which cases are cited above). In the latter case, an official stenographer sought extra compensation for expeditiously furnishing copies of his minutes, and his right thereto was denied upon the ground that the rate for copies was fixed by statute, and the fact that it was done expeditiously, by request, nevertheless constituted a service within the statute. Hatch v. Mann, supra, was where a constable, in duty bound to arrest a debtor, made special efforts upon the creditor's promise to pay him well for so doing, and the reasonable value of the services being sued for by the constable. It was decided by the Court of Errors that the compensation for the service was prescribed in the fee bill, and it mattered not how it was performed, it was still within the scope of the duty for the performance of which the fee was prescribed; and it was therein pointed out that "the cases where extra allowances were made to public officers were cases where no compensation was prescribed by statute." In McCarthy v. Bonynge, supra, 12 Daly, 357, 358, the court say:

"It has been held in certain cases, where the service is not one which the public officer is required by law to perform, nor one for which the law fixes a fee, that then the officer may make a special agreement for his compensation (Murtagh v. Conner, 15 Hun, 488; McKeon v. Horsfall, 88 N. Y. 429); but these decisions do not apply to the present case, for here the fee which a stenographer may charge for the service rendered is fixed by law."

It was held in McKeon v. Horsfall, 88 N. Y. 430, that where a sheriff is not entitled by statute to "keeper's" or "auctioneer's" fees on execution, his right to such fees can rest only *on agreement and must be enforced by an action.* In Murtagh v. Conner, 15 Hun, 488, a deputy sheriff levied upon the goods of a judgment debtor, and the latter, in order to prevent the closing of his store, agreed that a keeper should be employed, and that the judgment debtor would pay for his services, and it was held that such an agreement is, if in all respects just and fair, a valid one, and capable of being enforced by the sheriff. The court points out that the service was not one for which any fee or compensation was fixed or allowed by law, and for that reason *it was not within the terms of the statute prohibiting sheriffs and other officers from receiving any other or greater fee or reward for such services,* except such as is or shall be allowed by law, and that the prohibition of the statute extended no further than to inhibit the receiving of greater fees than those allowed by statute for the performance of official services in the cases where fees, or compensation for the services, has been or shall be prescribed. And it was added:

"It has no application to such services as are not mentioned in the statute, and for which no fees or compensation has been designated, and, as this was a service of that description, the prohibition of the statute did not include it."

The same ruling must be made here, and the inhibition contained in section 354 of the Municipal Court Act, supra, should be limited to the services, and fees therefor, designated and prescribed in the statute. If it be argued that to uphold the agreement in question would give rise to the possibility of official oppression or extortion, the answer is that that is always a defense. And it might well be that an excessive charge

to which the execution debtor agreed would be evidence of such oppression and extortion. The question must be determined in each case as a question of fact. On the other hand, we should not lose sight of the fact that such an agreement, in most instances would preserve the business of the execution debtor from destruction which the immediate carrying out of the levy would produce. As was said in Murtagh v. Conner, supra, 15 Hun, 491:

"The exercise of such power requires to be closely watched and carefully guarded, in order to prevent it from being made a device for the pecuniary oppression of persons who may be brought within the exercise of official authority; and that is as far as the Legislature have deemed it necessary to extend the statute upon the subject. Beyond that it has left parties at liberty to enter into such arrangements as the safety or promotion of their interests may require; and that authority does not seem to have been transgressed in this instance."

The complaint at bar, the facts of which are admitted by the demurrer, shows a valid agreement made between the marshal and the execution debtors to preserve the defendants' business until they could perfect an appeal from the judgment for a compensation, for the services of a keeper, that may well be found to have been fair and just.

[3] As to the second half of the agreement sued upon, in so far as it provides that plaintiff shall have such fees as he could have lawfully taxed, had he collected on the execution, we are of the opinion that it may be upheld. The fees would have been the marshal's, had he not met the defendants' desire that he refrain from carrying out the levy. The case of Grayrock Land Co. v. Wolff, supra, is distinguishable, for the reason that there was no agreement in that case to pay for the marshal's services; and the case of Crofut v. Brandt, 58 N. Y. 106, 17 Am. Rep. 213, therein cited, expressly excepts from the decision the question of contract, for Folger, J. (58 N. Y. 116, 17 Am. Rep. 213), said:

"The court does not pass upon the question whether, if by the request and upon the promise to repay of either of the parties to the execution, and for his benefit or convenience, the sheriff shall incur expenses, he may not recover them of that party (as to which see Capp v. Johnson, 7 J. B. Moore, 518, 6 J. B. Moore, 338). This case does not, directly, present that question."

As the judgment appealed from is upon the merits, and would, if now upheld, determine the action, the reversal, which necessarily follows from the foregoing views, must be with $30 costs, and the demurrer must be overruled, with leave to defendants to answer within five days upon payment of said costs.

BLACKMAR and CALLAGHAN, JJ., concur.