---

## FLEWELLEN v. LENT.

(Supreme Court, Appellate Division, Second Department.   March 4, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS.

   To place the tenant, in summary proceedings by a landlord, in a position to take advantage of Code Civ. Proc. § 2254, providing that "the party against whom a final order is made, requiring the delivery of possession, * * * may at any time before a warrant is issued stay the issuing thereof * * * by payment of the rent due * ' * * and the costs," it is not necessary that a formal order of removal first issue, he electing not to try any issue, and paying the rent and costs into court.

Appeal from Special Term, Westchester County.

Proceeding by Fanny L. Flewellen, landlord, against Smith Lent, tenant.   From an order directing the proceedings to be dismissed on a tender and refusal thereof, the landlord appeals.   Affirmed.

Edgar L. Ryder, for appellant.
Smith Lent, for respondent.

WOODWARD, J.   The appellant, Fanny L. Flewellen, is the owner of certain premises in the town and village of Ossining, Westchester county, and on the 3d day of July, 1903, she caused to be served upon her tenant, Smith Lent, a notice demanding payment of $15 rent, alleged to be due to her for the month of June, or possession of the premises within three days.   On the 13th day of July, upon the appellant's petition, the county judge of Westchester county issued a precept returnable July 18th, commanding the tenant to vacate the premises immediately, or to show cause why the said premises should not be delivered to the landlord.   The tenant answered, and among

other things alleged that he had made a legal tender of the amount claimed by the petitioner to her agent, and that he had paid into court the whole sum claimed to be due, with costs and disbursements. Upon the return of the precept the sum demanded in the notice, $15, was again tendered in court, together with the costs and disbursements, and the county judge thereupon made an order directing that upon a renewal of the tender and a refusal to accept the proceeding should be dismissed, the fund to be paid over to the county clerk subject to the order of the petitioner. From this order the petitioner appeals.

The petitioner has received all that she claimed was due her, she has been paid the costs and disbursements incident to the proceeding; but she urges upon this appeal that the proceeding should not have been dismissed, after the tender, before a final order was made. Just what difference it makes to her when the proceeding is dismissed is one of the things which we are unable to discover. Section 2254 of the Code of Civil Procedure provides that:

"The party against whom a final order is made, requiring the delivery of possession to the petitioner, may, at any time before a warrant is issued, stay the issuing thereof; and also stay an execution to collect the costs, * * * by payment of the rent due, or of such taxes or assessments, and interest and penalty, if any thereon due, and the costs of the special proceeding," etc.

. The contention of the appellant is that, because there was no final order issued, there was no statutory provision for the stay of the warrant, and, as the summary proceeding is statutory, it must be strictly complied with. This is, of course, true, in so far as the petitioner is concerned. The summary proceeding is in derogation of the common-law rights of the tenant, and is to be strictly pursued in order to oust him; but no such rule is applicable to the tenant, and he may properly be relieved of his default upon the payment of what is claimed to be due, with such costs as the law imposes. The statute specially provides for this after the final order is made, and this is clearly upon the theory that the right to possession is to be determined atfer a trial of an issue, and then the tenant is given an option of paying the rent, with the costs, or of delivering up possession of the premises.

In the case now before us the tenant elected not to try the issue, but to concede that he owed the amount claimed, and placed the fund in the custody of the court, with an amount sufficient to pay the costs,. and there was nothing left for the court except to dismiss the proceeding. The controlling provision of section 2254 of the Code of Civil Procedure, in so far as it affects this case, is not that the final order shall be made, but that the tenant shall, "at any time before a warrant is issued," pay the rent and the costs of the special proceeding. If he chose to act before the order was issued, it deprived the petitioner of no rights, and the legitimate object of an appeal is to preserve rights, not to annoy and harass people with useless attendance upon the courts, which have enough to do without considering technicalities which involve no substantial interests of the parties. The remedy contemplated by section 2231 of the Code of Civil Procedure is not the common-law ejectment, but is intended to place the.

landlord in a position to compel the payment of his rents, or be restored to his possession of the premises, that he may rent them to persons who will pay, and when the proceeding has resulted in either of these ends it has accomplished all that the Legislature intended, and there is no jurisdiction in the courts to grant other relief.   To hold that it was necessary to issue a formal order of removal, after there had been a tender of all that the law could compel, before the tenant could be placed in a position to take advantage of the provisions of section 2254 of the Code of Civil Procedure, is to make the administration of the law ridiculous, and, in the absence of controlling authority, this court will not hold such a rule.   The order appealed from should be affirmed, with costs.

Final order affirmed, with costs.   All concur.