### ROGERS et al. v. KELSEY.

(Supreme Court, Appellate Term.   June 27, 1907.)

COUNTERCLAIM—CAUSE OF ACTION—OWNERSHIP.

    Under Code Civ. Proc. § 501, and Municipal Court Act, Laws 1902, p. 1538, c. 580, § 151, declaring that a counterclaim must consist of a cause of action existing in favor of the defendant who pleads it, a claim for injury to the walls of a building in which certain work sued for was done did not constitute a valid counterclaim against the agreed price of the work, in the absence of proof that defendant was the owner of the building or showing his relation thereto.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, § 39.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Belden J. Rogers and another against Charles B. Kelsey. From a Municipal Court judgment in favor of defendant on a counterclaim, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Wilbur F. Earp, for appellants.
Rollins & Rollins, for respondent.

PER CURIAM. This action was brought to recover for labor performed and materials furnished, for which it was alleged that the defendant agreed to pay $230. The defendant set up a counterclaim for the damages he sustained by reason of the improper manner in which the work was done. We cannot find in the record that the

proof showed more than $87 damages on this account. The court awarded judgment for the defendant upon his counterclaim for $25.

To set off the full amount of the plaintiff's claim and award judgment for $25 for the defendant, the court must have allowed damages for the injury which the defendant claimed was done to the walls of the building where the work was performed. The allowance of damages on account of these injuries cannot properly be made in this action. It appeared upon the trial that the defendant was not the owner of the building. Whether he was the agent of the owner of the building or a tenant was not disclosed. It is an essential element of a counterclaim that the cause of action alleged must exist in favor of the defendant who pleads it. Code Civ. Proc. § 501; Mun. Ct. Act, Laws 1902, p. 1538, c. 580, § 151. This essential element was not shown to exist in this case, and the damages awarded the defendant upon his counterclaim were improperly allowed.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.