### LEVY v. WINKLER et al.

(Supreme Court, Appellate Term.  June 3, 1908.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—INTERVENTION.
  Under Code Civ. Proc. § 2244, permitting any person in possession or claiming possession of the premises to intervene in summary proceedings by a landlord to recover possession, it is not necessary that the intervener prove possession; it being sufficient, to establish her right to intervene, that she claims possession.

**2. SAME—DEFENSES.**

 Where a landlord sued to recover possession on the ground that his · tenant was holding over after default in payment of rent, whether a transfer of the lease by the tenant to the intervener was invalid, as a violation of the covenant in the lease forbidding its assignment except on the written consent of the landlord, was not in issue.

**3. SAME—SUBLETTING.**

 Where a lease was validly assigned to intervener, the landlord could not object to her subleasing the premises as long as the rent reserved in the original lease was paid; intervener being entitled to insist that her subtenants attorn to her for the rent reserved in the sublease and on their default to dispossess them.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 222–224.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Morris Levy against Louisa Winkler and others. From a judgment and final order in summary proceedings in favor of an · intervening tenant, one Helen Wolf, plaintiff appeals. Reversed, and petition dismissed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Gustavus A. Rogers, for appellant.

Warren Leslie, for respondent Helen Wolf.

GREENBAUM, J. The landlord seeks recovery of possession of the premises in question upon the ground of his tenant's holding over after default in the payment of rent. Section 2244 of the Code of Civil Procedure permits in such a proceeding the intervention of any person "in possession or claiming possession of the premises" by the filing of a verified answer. It is not necessary for the third party to show possession. It suffices to establish a right to "claim possession." In the matter before us it appears that the tenant's interest in the lease had been transferred to one Helen Wolf, who intervened pursuant to the statute and paid into court the amount of the rent for nonpayment of which the proceeding was brought, together with the costs to which the landlord was entitled. If Helen Wolf's claim to possession under the lease was established, it was the duty of the justice to dismiss the proceeding. Flewwellin v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919.

The landlord, however, urges that the assignment of the lease to Helen Wolf was made in contravention of its provisions forbidding its assignment except upon the written consent of the landlord. It appears from the testimony that the lease was transferred to Helen Wolf in the presence of the landlord and without the latter's objection, and that the landlord thereafter demanded of Helen Wolf the accrued rent due under the lease. Mrs. Wolf was ready to pay the rent, but refused to accept a receipt running to the original lessee, and the landlord refused to give the desired receipt. It doubtless was unnecessary for the landlord to give any receipt, and the alleged tender of Mrs. Wolf may be deemed bad. But, aside from the question that might arise as to whether the landlord was estopped from the circumstances

attending the transfer of the lease to Helen Wolf, it seems to me that this question may not be litigated here. The breach of the covenant not to assign was not the ground upon which the proceedings were brought, and, indeed, if the landlord sought the common-law remedy of ejectment for the breach of the covenant, that issue would not be cognizable in the Municipal Court. Beach v. Nixon, 9 N. Y. 35, 37.

The landlord also urges that Helen Wolf has no standing before the court, because it appeared that she had sublet the premises for the entire remaining term of the lease, citing Stover v. Chasse, 6 Misc. Rep. 394, 26 N. Y. Supp. 740. That was a case of an assignment to Stover of a lease by the original lessee, who had previously made a sublease for a term of years to the defendant. The defendant refused to recognize the plaintiff as her landlord, and insisted that the original lessee, who declined to receive the rent, alone was entitled to collect it. It was argued that plaintiff was merely a sublessee, but the court held that the instrument to plaintiff operated as an assignment of the lease. If we assume that the sublease made by Helen Wolf to her subtenants operated as between them as an assignment of the lease for its unexpired term, the defendant would nevertheless have an interest in the possession of the premises, for the reason that her subtenants must attorn to her for the rent reserved in the sublease, and upon their default she might maintain proceedings to dispossess them. It did not lie in the power of the subtenant in the Stover Case to question the act of the landlord, who had assigned his interest in the leasehold to another. So here it does not lie with the plaintiff to question Mrs. Wolf's action in subleasing, assuming, of course, the validity of Mrs. Wolf's assignment as long as the rent reserved in the original lease is paid. It seems to me that Helen Wolf was entitled to have the proceedings dismissed.

The judgment was erroneously rendered in favor of Helen Wolf, a conclusion not justified by the proofs, as the landlord is entitled to avail himself of the amount of rent and the costs deposited to his order with the clerk.

The judgment is reversed, and the petition dismissed, without costs.

GILDERSLEEVE, P. J., concurs.  GIEGERICH, J., concurs in the result.