## BARNEY v. DU VIVIER.

(Supreme Court, Appellate Term, First Department.   June 3, 1914.)

1. LANDLORD AND TENANT (§ 301*)—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—OPERATION AND EFFECT.

A summary proceeding by a landlord to recover possession of the leased premises brought only against the original lessee was ineffective to terminate the rights of or remove from possession an assignee of the lease who was not a party and had not been served.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1295–1297; Dec. Dig. § 301.*]

2. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—SET-OFF AND COUNTERCLAIM.

Code Civ. Proc. § 2244, permitting the person to whom the precept in a summary proceeding by a landlord is directed or any person in possession or claiming possession to interpose a counterclaim, did not authorize a lessee to interpose a counterclaim in favor of his assignee not a party to the proceeding for damages from the landlord's failure to repair after notice, in view of section 501, providing that a counterclaim must be a cause of action against plaintiff and in favor of the defendant or one or more defendants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

3. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—SET-OFF AND COUNTERCLAIM.

Real Property Law (Consol. Laws, c. 50) § 223, providing that a lessee of real property, his assignee, or personal representative has the same remedy against the lessor for the breach of an agreement contained in the lease that the lessee might have had against his immediate lessor, with certain exceptions, does not authorize a lessee in a summary proceeding by the landlord to interpose a counterclaim in favor of his assignee not a party to the proceeding for damages from the landlord's failure to repair.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

4. LANDLORD AND TENANT (§ 80½*)—ASSIGNMENT—CONSENT OF LANDLORD—SUFFICIENCY OF EVIDENCE.

Evidence that the rent for leased premises was paid by checks of D. & Co. would not support a finding that the landlord assented to the assignment of the lease to D. & Co., especially where the lease was in terms to the lessee "doing business under the firm name of D. & Co."

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceeding by Emma B. Barney, as administratrix of George W. Barney, deceased, against Charles L. Du Vivier, doing business as Du Vivier & Co.   From a judgment in favor of the tenant after a trial without a jury, the landlord appeals.   Reversed, and new trial granted.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Lewis S. Goebel, of New York City, for appellant.
Julius Miller, of New York City, for respondent.

BIJUR, J. This proceeding was brought to recover possession, because of nonpayment of rent for April, 1914, due April 1st, $166.66. The lease was made February 24, 1909, for five years from May 1, 1909, to May 1, 1914, to Charles Du Vivier, "doing business under the firm name of Du Vivier & Company." The tenant covenanted therein not to assign without the landlord's consent in writing. The answer alleges that Du Vivier in 1909 assigned the lease to Du Vivier & Co., a corporation, which has since then been in possession; that the landlord consented to such assignment, accepted the rent from the corporation with full knowledge thereof, and accepted the corporation as tenant. As a separate defense and by way of offset and counterclaim, Du Vivier alleges that in February, 1914, the roof was broken by the landlord and rain and water entered the premises; that the landlord neglected to repair after notice; and that by reason thereof the corporation sustained damages to its goods and merchandise to the amount of $244; also, that the damage was caused solely by the carelessness and negligence of the landlord.

[1] It seems clear that this proceeding, brought only against the original lessee, is ineffective to terminate the rights of, or remove from possession, the assignee who is not a party and who has not been served. Croft v. King, 8 Daly, 265; Ash v. Purnell (Com. Pl.) 11 N. Y. Supp. 54.

[2] Respondent seeks support for his right to interpose this counterclaim in the general language of section 2244 of the Code, permitting the person to whom the precept is directed or any person in possession or claiming possession of the premsies to interpose a counterclaim. This point would be good if the counterclaim were interposed by the corporation, the assignee of the lease, after intervening in the proceeding. See Cohen v. Carpenter, 128 App. Div. 862, 113 N. Y. Supp. 168; Levy v. Winkler, 59 Misc. Rep. 482, 110 N. Y. Supp. 997; In re Wright (Super. Buff.) 16 N. Y. Supp. 808—in all of which cases, however, the party affected sought to interpose merely a defense and not a counterclaim. In the case at bar, however, the tenant tenders a counterclaim which does not run in his favor, but in favor of a third person, the assignee in possession. Such a claim is not available to him. Code of Civil Proc. § 501; Fulton v. Hudson Co., 200 N. Y. 287, 291, 93 N. E. 1052; Rogers v. Kelsey (Sup.) 105 N. Y. Supp. 119.

[3] Respondent also appeals to section 223 of the Real Property Law. But apart from the fact that that section, by reason of its history, must be deemed to have no application to a lease like the present, it furnishes no authority, even by its terms, for this attempt of the lessee to interpose a counterclaim running in favor solely of his assignee.

[4] Finally, respondent urges that he has the right to interpose this counterclaim because his position is practically that of surety for the assignee of the lease, citing Crowley v. Gormley, 59 App. Div. 256, 257, 69 N. Y. Supp. 576. All that that case holds, however, is that, as between the lessee and his assignee, that relation obtains; and I think that that would also be true as against a lessor who had assented to the assignment. There is, however, in the case at bar, no evidence of the landlord's assent, except so far as it may be inferred from the mere

fact that the rent was paid by checks of the assignee corporation in possession. That this standing by itself would not furnish a basis for a finding that the landlord had assented to the assignment is elementary; and it is all the more true here because the lease is in terms made between the landlord and Charles Du Vivier "doing business under the firm name of Du Vivier & Co."

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.