NICHOLAS CHRISTATOS, Plaintiff, v. UNITED CIGAR STORES COMPANY OF AMERICA, Defendant.*

Municipal Court of New York, Borough of Manhattan, Ninth District, April 1, 1932.

*Bennett E. Siegelstein*, for the plaintiff.

*William A. Ferguson* [*Edward I. Kleinfeld* of counsel], for the defendant.

LAUER, J. The plaintiff, the owner of record and now in possession of premises on the southeast corner of Sixth avenue and Fifty-eighth street, known as 1412–1414–1416 Sixth avenue and 68 West Fifty-eighth street, seeks to recover rent for the month

* Revd., 144 Misc. 322.

of December, 1931, which became due on December first of that year for the store known as 1414 Sixth avenue.

It appears that defendant came into possession of the said store by virtue of a lease to the defendant made on October 10, 1924, by the 68 West 58th Street Company, Inc., for a term of years expiring September 30, 1934. It appears that the 68 West 58th Street Company, Inc., had theretofore acquired a sublease of the whole or a considerable portion of the building in which the demised premises No. 1414 Sixth avenue was located and formed a part. Thereafter and on August 1, 1930, the 68 West 58th Street Company, Inc., assigned its lease to Walter Bonwit, and on August 22, 1930, Walter Bonwit assigned the same lease to Park Chambers Hotel Company, Inc. Thereafter, the plaintiff herein, the owner of the fee, instituted dispossess proceedings for non-payment of rent, taxes and other charges against Park Chambers Hotel Company, Inc., the lessee of the entire hotel premises, and the 68 West 58th Street Company, Inc., and the said Park Chambers Hotel Company, Inc. All of these parties were duly served, and on October 15, 1931, final order was made in favor of the landlord in that proceeding. Thereafter and on October 26, 1931, the plaintiff as landlord obtained a warrant which was executed by a marshal of the city of New York, putting the plaintiff in possession of the said premises. Thereafter and on October 30, 1931, the plaintiff appears to have obtained an assignment from the Park Chambers Hotel Company, Inc., the defendant's landlord, of the sublease made to the defendant. It is to be noted that the defendant here was not joined as a party to the summary proceedings before mentioned. The defendant's possession as a subtenant has not been disturbed, and the subtenant, defendant in this action, has continued to remain in possession of the premises leased to it. It is the claim of the defendant that its lease as a subtenant cannot survive the termination of the lease of this defendant's landlord, the tenant of the larger estate; that the termination of the major lease by summary proceeding brought an end to the lesser estate, to wit, the sublease held by the defendant.

The question is, does the lease from a tenant who has been dispossessed to a subtenant who has not been joined in the dispossess proceedings survive the warrant awarding the premises to the landlord? I think I must find that under the circumstances here appearing there was no attornment of the defendant to the plaintiff.

The question presented is, therefore, clearly a question of law, not altogether, however, free from doubt.

A subtenant is not a necessary party to summary proceedings

to remove the tenant, although it is proper to join subtenants in such a proceeding. If not joined and properly served, they cannot be dispossessed. (*Croft* v. *King*, 8 Daly, 265.) This is likewise true in regard to assignees of the lease. (*Matter of Barney* v. *DuVivier*, 86 Misc. 29.)

What, then, is the effect of a summary proceeding to remove the tenant upon parties in possession of real estate who are not made parties to the proceeding? I am referred to no case where this precise question has been decided. The Court of Appeals, in the case of *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285), which was a case where the question of liability of a tenant who was joined as a party in a foreclosure suit was before the court, says: " As a general rule a tenant is liable under his contract of lease until he is evicted. * * * Until the sale [in foreclosure] actually takes place the tenant remains liable to his landlord on his contract. [Citing cases.] If, on the contrary, he is not a party to the action his rights are not affected. There is never an eviction. Until the sale he must pay his landlord. Afterwards, the purchaser. As to the latter there is no necessity of attornment."

Reasoning by analogy, this defendant, not having been joined in the summary proceeding as a party, his rights are not cut off by the warrant against his landlord. In fact, he still remains in possession and cannot be dispossessed except in a proper court proceeding in which he is made a party.

Some distinction is sought to be made between the action of foreclosure and the summary proceeding, but I can see no good reason to differentiate in respect to the rights of tenants or under-tenants who are not joined as parties.

The tenant here went into possession under a sublease under which he is asked now to pay rent to the plaintiff who is both the owner of the fee and the assignee of the defendant's landlord. So far as the record discloses, the defendant is not in possession by virtue of any other right or claim of right. It may be that the defendant might have removed from the premises when his landlord was removed. This, however, is not before me, and the defendant apparently did not choose to remove. Having remained there, I see no reason to permit the tenant to remain without paying the rent which it agreed to pay. It follows that the plaintiff is entitled to recover.

Accordingly I give judgment for the plaintiff in the sum of $458.33, with interest amounting to $4.96, a total of $463.29.