NEW YORK TOWERS, INC., Landlord, Respondent, *v.* LILLIAN SLOANE, INC., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, June 28, 1946.

*Arnold J. Brock* and *William P. Balaban* for appellant.

*Henry N. Rapaport* for respondent.

MEMORANDUM *Per Curiam.* The lease between the parties was made on April 26, 1940, for a period of five years, terminating on September 30, 1945. It contained an option clause under which the tenant could renew for a similar term at an increased fixed rent plus a variable rent based on a percentage of the gross business. The option was exercised and the petition indicates that the demanded rent is the fixed rent provided for in the option.

The lease in question comes within the purview of the emergency rent statutes (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571). The tenant has tendered $814.57, the amount

of the June, 1944, rent, plus the statutory 15%. This, although in excess of the rent demanded by the landlord, was not acceptable and the proceeding was instituted for nonpayment of the fixed rent provided for in the option. Such a demand and the petition based thereon were improper. It was conceded at the trial that the tenant's tender was sufficient in amount. Despite this the court below directed a final order in this proceeding which, as has been pointed out, was instituted for nonpayment of the rent. In effect, because of the mathematical chance that the rent demanded under the option was less than that fixed by applying the statutory formula, a final order issued. This final order is based on a provision of the lease which is inoperable by reason of the emergency statute. To permit the order appealed from to stand is to declare effective that which the statute has rendered ineffective. Such an inconsistency is not corrected by declaring the order obtained under such circumstances to be without prejudice to the tenant's claim that it is a statutory tenant. The applicability of the emergency rent laws was litigated and the issue to be determined is whether or not a statutory tenancy exists and this issue should not be left undetermined because of the mathematical chance that the demanded rent is less than the statutory rent. The case of *Matter of Flewwellin* v. *Lent* (91 App. Div. 430) only holds that where payment into court has been made, a final order will not issue and is not in conflict with this determination.

The final order should be reversed, with $30 costs, and petition dismissed without prejudice to a new proceeding based upon a proper demand and petition, with costs.

SHIENTAG, McLAUGHLIN and HECHT, JJ., concur.

Order reversed, etc.