Thomas P. B. Kennedy, Landlord, *v.* Thomas L. Meehan, as Administrator D. B. N. of the Estate of John H. Meehan, Deceased, Tenant.

City Court of the City of Albany, Albany County, June 12, 1947.

*Joseph P. Keenan* for landlord.

*Raymond L. Carr* for tenant.

Herzog, J.   This is a summary proceeding to dispossess, in which it is alleged the tenant is a holdover.   The facts were

stipulated and the case submitted. On or about March 15, 1945, the landlord leased certain premises at 534–538 Broadway, Albany, New York, known as the Woodstock Hotel, to John Meehan for a term of two years, expiring April 30, 1947. Shortly thereafter, the Albany Savings Bank commenced a foreclosure action of its mortgage on these premises. A receiver of rents and profits, with the usual powers, was appointed by order of a justice of the Supreme Court, duly entered June 25, 1945.

Later, John Meehan died and his widow was appointed administratrix. Upon her death shortly thereafter, letters of administration *de bonis non* were issued to the tenant herein. The liquor license of the tenant was to expire September 30, 1946. Therefore, during the month of July, the administrator entered into negotiations with the receiver for an extension of the lease from April 30, 1947, to September 30, 1947. This was done in order that his renewal of the liquor license would be effective for a full year and also to satisfy the requirements of the State Liquor Authority.

The receiver, then, orally discussed the question of an extension with one of the justices of the Supreme Court in this district, and he was given verbal permission by the judge to extend the lease for the necessary period. No notice was given to anyone of this application nor was any order of any kind ever entered upon this permission. However, on or about August 1, 1946, the receiver did agree with the administrator to a parol extension of the lease and/or a new parol lease for a period of five months after the expiration date of the original lease.

The receiver collected the rents for a period of time, but it appears that some time in the latter part of 1946 the property was turned back to the owner and that, thereafter, the rent was paid to landlord. However, no order discharging the receiver was entered until June 9, 1947 (after the commencement of this proceeding), when a justice of the Supreme Court signed an order discharging the receiver *nunc pro tunc* as of September 25, 1946.

The first argument raised by the tenant is that he is not a holdover, as his lease was extended to September 30, 1947, by the receiver. He bases this contention upon rule 175 of the Rules of Civil Practice, which provides: " * * * He [i.e., the receiver] may be permitted by the court to make leases from time to time. * * * " He says that in this case the extension was admittedly for the best interests of the estate and that he had obtained " permission " and, therefore, the agreement is valid and subsisting. This argument is also based upon the

fact that this rule definitely states when an order is necessary as, for example, to make substantial repairs but that it merely needs " permission " to lease property. Both parties more or less rely on *Weeks* v. *Weeks* (106 N. Y. 626) where the court permitted a lease made on an ex parte order to be set aside on the payment of indemnity to those who took the lease in good faith. It was held (p. 632) that the absence of notice was " * * * not a jurisdictional defect rendering the order made thereon void."

I think that this case is not controlling, however, because the language of the order appointing the receiver defines his powers. It reads: " * * * and said receiver is hereby authorized from time to time to rent or lease, as may be necessary, *for terms not exceeding one month* any of said premises." (Italics mine.) In addition, the last paragraph provides: " That the said receiver and any party hereto may at any time, on proper notice to all parties who have appeared in this action, apply to this court for further or other instructions and for further power necessary to enable said receiver properly to fulfil his duties."

This language is specific and provides definitely how the receiver can get the " permission " authorized by rule 175. It is binding upon the receiver and is notice to all persons interested in the premises, in view of the fact there was an order duly entered and a *lis pendens* filed. The extension was for more than a month and notice was not given to any person. Thus, it is my determination that the verbal " permission " granted the receiver was ineffective to confer upon him the authority to enter into a lease for five months; that the extension is void and that the original lease has expired.

The second defense to this proceeding is that the conventional relationship of landlord and tenant does not exist between the parties hereto. This argument is based on the fact that the original tenant died and by several intervening steps this tenant became entitled to possession. There can be no dispute that this relationship is essential. (*Benjamin* v. *Benjamin,* 5 N. Y. 383, which is the leading case and has been followed in a long line of decisions; see, also, for a review of these cases *President & Directors of Manhattan Co.* v. *Nieberg,* 164 Misc. 618.) However, the statute (Civ. Prac. Act, § 1410) provides that these proceedings may be brought against a tenant or his " legal representatives ". This tenant is the legal representative of the original tenant and, therefore, may be dispossessed in this proceeding. In addition, it now appears that this tenant paid **rent to the landlord from some time** in the latter part of 1946

and that he, therefore, recognized the petitioner as the landlord, so that this defense would no longer be available to him.

The last defense is that there is a hotel upon the premises, in question in which a number of rooms have been rented on a week-to-week basis. The tenant contends that these under-tenants are necessary parties and that the court is without juris-diction unless they be joined. The rule seems fairly firmly established, at least in courts of lower jurisdiction, that under-tenants are proper parties, but that they are not necessary parties to a summary proceeding. (8 Carmody on New York Pleading and Practice, Part 1, § 281, p. 265; *Atterbury* v. *Edwa*, 61 Misc. 234; *Christatos* v. *United Cigar Stores Co. of America*, 143 Misc. 453; *New York Railways Corp.* v. *Savoy Associates, Inc.*, 239 App. Div. 504.) The cases cited by tenant do not hold to the contrary. They are simply to the effect that the under-tenants are necessary parties only if the landlord wishes to evict them as well as the tenant.

Final order granted in favor of landlord.