Bernard Tomson, J,
This proceeding is one to recover possession of real property for nonpayment. It appears to be undisputed that the tenant has paid into the court a sum sufficient to satisfy the landlord’s claim.
The only point raised by the landlord seems to be found in his brief on pages 7 and 8 as follows: “ The tenant has deposited into court the amounts claimed by the landlord to be due and owing as rent. This should not prevent the landlord from recovering possession of the premises in this action.
“ Section 751 (1) of the R. P. A. P. L. [Real Property Actions and Proceeding’s Law] provides, in substance, that the tenant may stay the issuance of a warrant by depositing the rent claimed due into court. The results of prior cases have equated the tenant’s right to a stay with a right to bring about, in effect, a dismissal of the landlord’s action for possession of the premises. It is here submitted that a stay is by its essence a temporary thing and accordingly deposit of the rent into court can only stay the issuance of a warrant for some undetermined period of time, not forever.”
Subdivision 1 of section 751 of the Real Property Actions and Proceedings Law provides in part: “Where the lessee or tenant holds over after a default in the payment of rent * * * *907 he may effect a stay by depositing the amount of rent due
The forerunners of section 751 of the Real Property Actions and Proceedings Law were sections 1435 of the Civil Practice Act and, prior to that, section 2254 of the Code of Civil Procedure. In discussing section 2254 of the Code of Civil Procedure, the Appellate Division Second Department in the case of Flewwellin v. Lent (91 App. Div. 430, 432-433), in a similar fact situation, stated as follows:
“ The summary proceeding is in derogation of the common-law rights of the tenant, and is to be strictly pursued in order to oust him, but no such rule is applicable to the tenant, and he may properly be relieved of his default upon the payment of what is claimed to be due, with such costs as the law imposes. The statute specially provides for this after the final order is made, and this is clearly upon the theory that the right to possession is to be determined after a trial of an issue, and then the tenant is given an option of paying the rent, with the costs, or of delivering up possession of the premises.
“ In the case now before us the tenant elected not to try the issue, but to concede that he owed the amount claimed, and placed the fund in the custody of the court, with an amount sufficient to pay the costs, and there was nothing left for the court except to dismiss the proceeding. The controlling provision of section 2254 of the Code of Civil Procedure, in so far as it affects this case, is not that the final order shall be made, but that the tenant shall, ‘ at any time before a warrant is issued, ’ pay the rent and the costs of the special proceeding. If he chose to act before the order was issued, it deprived the petitioner of no rights, and the legitimate object of an appeal is to preserve rights, not to annoy and harass people with useless attendance upon the courts, which have enough to do without considering technicalities which involve no substantial interests of the parties. The remedy contemplated by section 2231 of the Code of Civil Procedure is not the common-law ejectment, but is intended to place the landlord in a position to compel the payment of his rents, or be restored to his possession of the premises, that he may rent them to persons who will pay, and when the proceeding has resulted in either of these ends it has aceompished all that the Legislature intended, and there is no jurisdiction in the courts to grant other relief.”
In support of the proposition that payment into court for the rent due, etc., by the tenant before the issuance of the warrant terminates the proceedings, see Rasch, Landlord and Tenant (vol. 2, 1965 Supp., pp. 149 and 150) wherein it is *908 stated: “ Although the section authorizes a stay of the issuance of a warrant if certain payments are made after the final order, no actual .stay is involved. The payment in and of itself finally terminates the proceeding; no warrant may thereafter issue; and any warrant issued would be a nullity (Young v. Lucas (AD 4 1955) 1 A D 2d 754, 147 N Y S 2d 218).”
It follows therefore that on the facts here presented, the petition must be dismissed. Pursuant to the parties’ stipulation, the Clerk is directed to pay to the landlord out of the amounts deposited the sum of $2,472.60. The balance of the deposit is to be returned to the tenant.
It should be clearly stated that, there was not here presented, and the court has not passed upon, any question relating to the landlord’s rights to terminate the lease for payment of rent not timely made. The procedure required to be followed by the terms of the lease for its termination were not pursued by the landlord. In any event, the petition here was based on nonpayment of rent, and not holding over.