JANE WELSH et al., Respondents, v. FERGUS COCHRAN et al., Appellants.

The authority to be implied from the fact that a party causes process to be issued and sets the proper officers in motion in the execution thereof is simply an authority coextensive with that conferred by the process; i. e., to do lawful acts pursuant thereto.

If, therefore, an officer to whom a warrant is issued directing him to seize the goods of A. takes the goods of B., an authority so to do from the principal in the proceedings will not be implied, and without other evidence he cannot be made liable therefor, nor is he made liable by presence of his attorney at the time of the seizure, or by the directions of said attorney to the officer.

The acts of an attorney in directing the levy upon or taking of goods upon process are in excess of his general powers as attorney, and in the absence of proof of special authority do not subject his client to liability.

So, also, in the absence of other evidence the directions of a general agent in such case do not bind his principal.

In an action for the alleged unlawful taking and conversion of property of plaintiffs, it appeared that the property was seized by the United States marshal as the property of K. & Co. by virtue of a provisional warrant in bankruptcy, issued in proceedings against that firm. Defendants were petitioning creditors, and it appeared that after the seizure they gave a bond to the marshal. The bond was not produced, and its form or the purpose for which it was given was not proved. *Held*, that the mere fact of giving a bond was but slight evidence connecting defendants with the tortious taking, and did not justify the withdrawal of that question from the jury.

*Welsh* v. *Cochran* (2 Hun, 675; 5 T. & C., 699) reversed.

(Argued October 1, 1875; decided November 16, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiffs entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 2 Hun, 675; 5 T. & C., 699.)

This action was brought to recover for an alleged unlawful seizure and conversion of plaintiffs' property.

It appeared that the property in question was seized by the United States marshal under and by virtue of a provisional warrant issued in proceedings in bankruptcy against Timothy Kinnen and George Welsh, composing the firm of Kinnen & Co., directing the seizure of their goods; that after an adjudication of bankruptcy the goods were turned over to the assignee and by him sold as the property of said Kinnen & Welsh. The evidence offered to connect defendants with the taking was, in substance, that they were the petitioning creditors in the bankruptcy proceedings, and the warrant was issued at their instance; that the marshal acted in making the seizure under the direction of the attorneys employed by defendants in the said proceedings, one of whom was present at the seizing, and also directions of a general agent of defendants; that after the seizure defendants were notified that a seizure was made, and upon the instruction of said attorneys, that it was customary where goods were seized by a marshal to

give a bond, they executed a bond. Such bond was not intro-
duced in evidence, and its form or conditions were not proved.
It did not appear that defendants were notified before giving
the bond that the goods were claimed by plaintiffs. They
were not present at and no direction from either of them
in regard to the seizure of the goods in question was proved.
Evidence was given tending to show that defendants received
their distributive portion with other creditors of the avails
of the sales by the assignee.

The court charged, in substance, that defendants were lia-
ble for the acts of the marshal in seizing the goods, and refused
to submit the question to the jury, to which defendants' coun-
sel duly excepted.

Further facts appear in the opinion.

*B. F. Tracy* for the appellants. The liability of a suitor
or petitioner for a trespass or tort committed by a marshal or
other officer of the court depends upon whether the suitor
did more than he was called upon to do in setting the officer
in motion. (*Cranshaw* v. *Chapman*, 7 H. & N., 911; S. C.,
31 L. J. [Exch.], 277; *Raney* v. *Weed*, 3 Sandf., 577, 580,
584; *Read* v. *Hurd*, 7 Wend., 408; *Day* v. *Gunn*, 1 Den.,
109; *Thurman* v. *Wells*, 18 Barb., 500; *Borrodaile* v. *Leek*,
9 id., 611; *McMorris* v. *Simpson*, 21 Wend., 610.) Defend-
ants did not improperly interfere with the officer of the
court. (*Dumont* v. *Smith*, 4 Den., 320, 321; *Watson* v. *Ben-
nett*, 12 Barb., 196, 200; A. & A. on Corp., 297.) There
being no technical trespass in the original taking, no action
for detention can arise after the property came into the cus-
tody of the bankrupt court. (*Herrick* v. *Manly*, 1 Cai. R.,
258; *Guille* v. *Swan*, 19 J. R., 382.)

*Oscar Frisbie* for the respondents. Defendants, by giving
the bond, ratified the seizure and removal of the goods.
(*Brainard* v. *Dunning*, 30 N. Y., 211.) They are bound
by the acts of their attorney. (*Newberry* v. *Lee*, 3 Hill, 523;
*Copley* v. *Rose*, 2 N. Y., 115; *Brown* v. *Felter*, 7 Wend.,
301.)

ALLEN, J.   There was evidence to go to the jury tending to connect the defendants with the officers in taking and carrying away the chattels of the plaintiffs ; but upon the evidence it was a question of fact for the jury, and should have been submitted to them.   The warrant issued at the instance of the defendants only authorized the seizure of the goods of the bankrupts named therein, and did not direct the taking the goods of the plaintiffs or from their possession.   There was no direction from the defendants to take the property in question or to seize any goods in the possession of the plaintiffs.   The defendants were not present at the taking the goods or at the time of their sale, and did not, at any time in person, direct or interfere with the persons committing the trespass upon the plaintiffs.   It may be assumed that the defendants put the officers in motion ; but the authority from the defendants, which the law would imply, was only coextensive with that conferred by the warrant, and to do only lawful acts pursuant to the process. The law will not, without evidence, presume an authority from the defendants, regarding them as the promoters and principals in the proceedings, to commit a trespass or do any unlawful act.   A master is liable in trespass for acts of his servants, commanded or authorized by him.   The authority may be express or implied, and a previous command may be proved either by direct evidence or by any legal evidence which will satisfy the jury.   Whether a subsequent ratification, a mere approval of the act, will render the master directly liable in trespass is disputed.   (*Bishop* v. *Montague,* Cro. Eliz., 824 ; 2 Greenl. Ev., § 68.)   If however the party, in whose name and for whose benefit a trespass is committed, with full knowledge of the facts sanction the act and appropriate the proceeds of the trespass, it is evidence for the jury from which they may infer a previous command or authority. (*Vanderbilt* v. *Richmond Turnpike Co.,* 2 Comst., 479 ; *Fox* v. *Jackson,* 8 Barb., 355 ; *Brainerd* v. *Dunning,* 30 N. Y., 211.)

The presence of the attorney of the defendants at the time

of the seizure and sale of the goods and his directions to the officers, did not make the defendants liable for the tortious act. In the absence of proof of special authority to an attorney, his acts in directing the levy upon or the taking of goods upon process are in excess of his general powers as an attorney and do not affect or subject his client to liability. (*Averill* v. *Williams*, 4 Den., 295.) The acts and directions of the attorney were not evidence against the defendants. Neither did the directions of the general agent of the defendants, without other evidence, connect the defendants with the trespass. (*Vanderbilt* v. *Richmond Turnpike Co.*, *supra*.)

There was some evidence that at some time after the seizure the defendants gave a bond in some form to the marshal, but the bond was not produced and it did not appear for what precise purpose it was given, or against what acts it purported to indemnify the marshal and his deputies, if indeed it was a bond of indemnity at all. Had it been produced it would have been for the court to interpret it, and had it proved to be merely an indemnity for serving the warrant as against the bankrupts, it would not have tended to convict the parties to it of a tortious taking of the plaintiffs' goods. (*Cronshaw* v. *Chapman*, 7 H. & N., 911.) Not being produced the circumstance of giving any bond was but slight evidence to connect the defendants with the trespass.

The evidence to show that the defendants received to their personal use any part of the proceeds of the goods sold, or that they did any act with knowledge of the facts and that the goods were taken from the possession of the plaintiffs, or that they were claimed by them, as owners, was very slight. And while the whole evidence may have been sufficient to carry the case to the jury it was not of that conclusive character as to justify the taking the question from the jury and disposing of it as a question of law, or as a fact established by incontrovertible evidence. It depended upon deductions and inferences from the facts proved and all the evidence in the action.

The judge erred in refusing the request of the counsel for the defendants to submit this question to the jury. (*Read* v. *Hurd*, 7 Wend., 408; *McMorris* v. *Simpson*, 21 id., 610; *Bay* v. *Gunn*, 1 Denio, 108; *Thurman* v. *Wells*, 18 Barb., 500; *Borrodaile* v. *Leek*, 9 id., 611.)

The judgment must be reversed and a new trial granted.

All concur; except MILLER, J., not voting.

Judgment accordingly.