WILLIAM WITBECK, Appellant, *v.* WILLIAM P. VAN RENS-
SELAER et al., Respondents.

A writ of possession issued upon a judgment in ejectment can lawfully
be executed after the return day thereof; the office of the writ is simply
to carry into effect the judgment and the command to return within
sixty days is directory merely.

Although it is the duty of the sheriff, in executing such writ, if required,
to remove from the premises the personal property thereon, the omission
to do so does not vitiate the execution of the writ when possession of the
land is delivered.

Where the action was brought by a landlord because of non-payment of
rent and possession is delivered to him or his assignee, the statute giving
to the defendant six months after such taking possession in which to
redeem (2 R. S., 506, § 33) begins to run, and the time limited for redemp-
tion is not enlarged by a subsequent re-entry of the tenant.

(Argued December 22, 1875; decided January 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court dismissing plaintiff's complaint. (Reported below, 2 Hun, 55 ; 4 T. & C., 282.)

This action was brought by plaintiff as assignee of the lessee under one of the Van Rensselaer "manor leases," so called. The court found in substance as follows : Defendant Van Rens-selaer obtained judgment against plaintiff in July, 1863, in an action of ejectment for the non-payment of rent, reserved in the

lease. In 1864, Mr. Van Rensselaer assigned the judgment and all his rights and interests under the lease to Peter Cagger. On the 17th day of January, 1867, a writ of possession was issued upon said judgment to the sheriff of the county of Rensselaer, in which county the premises were situated, directing said sheriff to put the plaintiff in said action in possession, and to return the writ within sixty days from its receipt. That the sheriff made return of the due execution of the writ by delivering possession of the premises, on the tenth day of May, to the agent of said Cagger, then on the premises. That on said tenth day of May, the deputy sheriff having the writ, in company with said agent, went upon the premises, and in the absence of the defendant named in the writ (the plaintiff in this action), who did not reside on the premises, took from his hired man, one Carner, who worked the same and lived in a portion of the dwelling-house thereon, and who was the only person in apparent possession of said premises, a writing admitting a surrender thereof and acknowledging a holding as tenant at will of Cagger, after having first demanded possession and declared his intention of removing said Carner, unless he consented to deliver possession or to acknowledge a holding under the landlord. The deputy and the agent also went upon various portions and lots of said premises, and said deputy assumed to deliver possession to the agent, and levied upon certain of the personal property thereon to satisfy the costs. That nothing on the premises was, in fact, displaced or removed. That there was a considerable amount of personal property thereon belonging to the plaintiff herein. That said Carner continued to work for said plaintiff, upon said premises, under his previous employment, until April 1, 1868. That neither Van Rensselaer or Cagger, or any one on behalf of either of them, subsequently visited the farm, or exercised or attempted to exercise any dominion over it, unless proved by the possession of Carner, until July, 1869. when an alias writ was executed. On the 24th day of September, 1869, a tender was made of an amount alleged to be the rent in arrear, which was refused, but not on the ground that

the amount was insufficient.    No tender was made within six months after May 10, 1867.

The court found, as conclusions of law, that the tender would have been sufficient, had not the time for redeeming expired, but that having neglected to redeem within six months after May 10, 1867, plaintiff was barred and foreclosed of all relief.

*R. A. Parmenter* for the appellant.    A levy not having been made within sixty days after the writ was issued, the old precept was dead and a new one should have been issued. (*Van Rensselaer* v. *Kidd*, 6 N. Y., 333; Code, §§ 285, 286, 289, 290; Crocker on Sheriffs, § 554; *Kingston Bk.* v. *Eltinge*, 40 N. Y., 391–394; Adams on Ejectment, 346.) The return indorsed on the writ was not conclusive on Witbeck. (*Browning* v. *Hanford*, 5 Den., 586–595; *Fitch* v. *Devlin*, 15 Barb., 47; Crocker on Sheriffs, §§ 43, 44, 45; *Watson* v. *Watson*, 6 Conn., 334; *Butts* v. *Francis*, 4 id., 424; *Van Rensselaer* v. *Chadwick*, 7 How. Pr., 297; *Baker* v. *McDuffie*, 23 Wend., 284; *Welsh* v. *Joy*, 13 Pick., 482.) Witbeck was not dispossessed by the sheriff May 10, 1867. (Herman on Executions, chap. 19, p. 529; *Hathaway* v. *Howell*, 54 N. Y., 113; 6 Mass., 23; 18 N. H., 217.)

*Samuel Hand* for the respondents.    Plaintiff's right to redeem expired six months after May 10, 1867.    (2 R. S., 506, §§ 33, 34.)    The execution was fully executed.    (Adams on Ejectment, 343; *Smith* v. *White*, 5 Dana [Ken.], 376–378; *Scott* v. *Richardson*, 2 B. M., 507.)    There was no force in the objection that the levy was more than sixty days after the execution was issued.    (*Hartwell* v. *Root*, 19 J. R., 345; *Jackson* v. *Shafer*, 11 id., 517; *Fetler* v. *Pelton*, 8 W. & S., 455; *Marsh* v. *Fawcett*, 2 H. Blk., 582; 11 Viner's Abr., " Exn." [Q. A., 5]; *Withers* v. *Harris*, 7 Mod., 66, 69; *Countess of Warwick* v. *Ld. Barkley*, Noy., 71; 2 Sid. 156, note; *Wood* v. *Colvin*, 5 Hill, 228, 230; *Mordecai* v. *Speight*, 3 Dev. [N. C.], 428, 429; *Nolan* v. *Seekright*, 6 Mun. [Va.],

185 ; *Patrick* v. *Johnson*, 3 Lev., 404.) The pretended irregularities of description in the writ of possession could not be taken advantage of here. ( *Williams* v. *Hogeboom*, 8 Paige, 469 ; *Peck* v. *Tiffany*, 2 Comst., 451.)

*Per Curiam.* The time within which the plaintiff could redeem was limited by statute to six months after the taking of possession of the demised premises by the landlord under an execution issued upon the judgment in ejectment recovered by him. (2 R. S., p. 506, § 33.) The same statute provides, that in case the rent and costs remain unpaid for six months after the execution is executed, the lessee shall be barred of all relief in law or equity. (2 R. S., 506, § 34.) The judgment in ejectment was recovered in July, 1863. A writ of possession thereon was issued on the 17th of January, 1867, returnable sixty days thereafter. Before the return day, viz., on the 25th of February, 1867, a stay of proceedings was obtained and served by the tenant, and this stay continued in force until April 30, 1867, which was after the return day of the writ of possession. Whether any steps had been taken towards the enforcement of the writ, before the service of the stay of proceedings does not appear in the case. The return of the sheriff indorsed on the execution states that on the 10th of May, 1867, he delivered possession of the premises described in the execution to William P. Van Rensselaer, the plaintiff mentioned and described therein, in accordance with the commands of the execution. The tender of the rent in arrear was not made until September 24, 1869, and on the following day this action to redeem was commenced. It is obvious that if a writ of possession was executed on the 10th of May, 1867, the plaintiff's right to redeem had long been barred before his attempt to exercise it in September 1869. But the plaintiff insists that his right was not barred, and rests his claim upon two grounds. First. That the writ of possession having been issued on the 17th of January, 1867, and being returnable sixty days thereafter, the return day had elapsed before the 10th of May, 1867, the day upon which it

is claimed to have been executed, and there could be no valid execution of the writ after the expiration of the return day. Second. That there was no actual execution of the writ on the 10th of May, 1867.

Upon the first point the learned counsel for the plaintiff has cited authorities to the effect, that after the return day of a *fi. fa.*, the power of the sheriff to levy on personal property is gone, and the plaintiff is put to a new execution if he wishes to pursue the defendant's property. (*Devoe* v. *Elliot*, 2 Caines, 243; *Vail* v. *Lewis*, 4 J. R., 456; *Van Rensselaer* v. *Kidd*, 6 N. Y., 333; *Kingston Bank* v. *Eltinge*, 40 id., 394.) But the only authority which he cites for the purpose of showing that this rule applies to a writ of possession is Adams on Ejectment, 346, note 1, where it is stated that the writ of *habere facias possessionem* cannot be executed after the return day. This note, however, is founded only upon a manuscript decision of the United States Circuit Court of Pennsylvania, cited in Coxe's Digest, page 273; and upon the case of *Dent* v. *Simmons* (7 J. J. Marsh. [Ky.], 42), in which no such point was adjudged, but only that where a writ of possession had been fully executed, and the plaintiff in ejectment put in possession and the writ returned executed, and the defendant in the execution afterwards re-entered, the proper remedy for restitution was by warrant for forcible entry, and that an order for an alias writ of possession was erroneous.

We are of the opinion that the conclusion of the Supreme Court upon this branch of the case was correct, and that the writ of possession could lawfully be executed after the return day. The judgment bound the land of which the writ directed possession to be delivered, and the office of the writ was simply to carry the judgment into effect with reference to that particular piece of land. Formerly such a writ usually had no return day. (Crocker on Sheriffs, § 575.) The plaintiff had the right to take possession of the land, by virtue of the judgment, without any writ, if he could peaceably do so. We think that in such a case the command to return the writ within sixty days is directory merely. Such an execution is

not analogous to an execution against personal property, where a levy is necessary to subject it to the operation of the writ, but is more analogous to a proceeding to sell real estate under an execution, which may be had without any previous levy, and which the appellant's counsel concedes in his brief may be taken after the return day of the writ.

This brings us to the second point made by the appellant, viz., that the writ was not in fact executed on the 10th of May, 1867.

The judge found as a fact that the execution was duly executed on the 10th day of May, 1867, by the sheriff, who assumed to deliver possession of the premises in question to W. S. Church, the agent of the assignee of the plaintiff in the execution, he being then upon the said premises. We think that this finding is sustained by the return of the sheriff, and the other facts proved upon the trial and found by the judge. As to the only part of the premises which were occupied, the sheriff demanded possession of the occupant, and threatened to remove him unless he consented to acknowledge himself as holding under the landlord, which he did in writing. As to the unoccupied portions of the farm, the sheriff went upon them, and assumed to deliver possession to said agent, Church, who was thus, for the time being, placed in actual possession of the farm, so far as possession thereof could be delivered. Although it was the duty of the sheriff, if required, to remove from the premises the personal property thereon, yet there is no authority cited showing that the omission to do so vitiates the execution of the writ, when possession of the land is delivered.

What transpired after such execution of the writ is not material to the present case. If possession of the farm was delivered to the plaintiff or his assignee, by virtue of the writ, the statute began to run from that time, and the time limited for redemption could not be enlarged by the subsequent re-entry of the appellant.

Both parties appear to have rested upon their strict legal rights. The time for redemption being limited by statute,

and having expired, and the statute declaring all relief at law or in equity to be barred, the court had no discretion in the matter, and was bound, upon the facts proved, to dismiss the complaint.

The judgment must be affirmed.

All concur; MILLER, J., not sitting.

Judgment affirmed.