## BAKER *v.* SECOR.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. ARREST IN CIVIL CASES—CONFINEMENT AMONG CRIMINALS—LIABILITY OF ATTORNEY.

　　An attorney who, under special instructions from his client, unlawfully procures the issuance of an execution against the body of the judgment debtor, is not liable for damages to the debtor by reason of his confinement by the sheriff among convicts and criminals.

2. FALSE IMPRISONMENT—DAMAGES—RELEASE OF JUDGMENT.

　　In an action for false imprisonment against the attorney, the latter is entitled to have the jury, in assessing the damages, credit the amount received by plaintiff from the execution plaintiff, by the discharge of the judgment on which the body execution was issued.

3. SAME—ASSIGNMENT TO JOINT TORT-FEASOR.

　　The execution creditor, by directing the issuance of the execution, became a joint tort-feasor with the attorney, and an assignment by plaintiff to him of the claim against the attorney in consideration of the discharge of the original judgment discharges the attorney.

Appeal from circuit court, Queens county.

Action by Jarvis S. Baker against William H. Secor for false imprisonment in causing plaintiff's arrest on a body execution issued on a judgment obtained in an action by Charles G. S. Baker, the son of plaintiff, against plaintiff, in which action the defendant was the attorney for the son. On April 16, 1886, plaintiff recovered a judgment against defendant for $5,373.77 and costs, which judgment was reversed on appeal. Pending the appeal plaintiff compromised his claim for damages against Charles G. S. Baker, the plaintiff in the execution, and received in consideration therefor a satisfaction of the judgment against him, on which the execution was issued, and assigned to said Charles G. S. Baker the judgment appealed from against this defendant. A supplemental answer was filed setting up these facts, and on the trial the court charged the jury among other things as follows: "He (plaintiff) was illegally arrested and held three days in jail by the act of the defendant, and now the defendant must pay. He had not a right to arrest in this particular kind of action, although he might have had in another. He made a mistake. He has blundered. Now, what shall this plaintiff recover? He is entitled to recover, of course, the loss of time; he is entitled to damages for the indignity of the arrest; but in this connection, as I have already said to you, you will bear in mind the difference between an arrest under civil and an arrest under criminal process. The indignity consists largely in the character of the charge made against him. To arrest a man, charging him with a crime involving gross moral turpitude, constitutes the grossest kind of indignity, and whether or not a person suffers anything in physical discomfort, that is but a trifle compared with the outrage upon him. This is true to a certain extent also in an arrest under civil process. But it is a very different kind of arrest from that on criminal proceedings, as I have already stated. The plaintiff is entitled in this action to compensation for all results of this unlawful arrest, not only for loss of time and indignity, but if you find that as a result of this unlawful arrest his health is permanently impaired, he would be entitled to a compensation for that."

The following charges were asked by defendant, and refused: "(1) If the jury believe there has been a settlement with the plaintiff for the injury claimed in this action, the plaintiff cannot recover. (2) The son is a joint tort-feasor along with Mr. Secor, and a settlement with him of the damages

in that case would operate as a release of Mr. Secor. (3) The plaintiff having received satisfaction of the judgment in *Baker* v. *Baker*, which satisfaction is ratified by Mr. Secor, in settlement of the claim and judgment of the plaintiff, the plaintiff cannot without a restoration of what was received by him maintain this action. (4) The defendant is not liable for any damages sustained by the plaintiff, by reason of his confinement in the jail or other place of confinement wherein were confined criminals and persons charged with crime. (7) The plaintiff is estopped from maintaining this action by reason of the former assignment of his claim, and the satisfaction of the judgment in *Baker* v. *Baker*."

*The Court.* "I decline to charge your various propositions as to the effect of this satisfaction or assignment of judgment. I agree to a portion of the law, but I hold that it is not applicable here. I am of the opinion that in case of two joint tort-feasors there is no right of contribution; that, therefore, after having gone with judgment against either, the matter becomes properly capable of assignment to any person, and if it should happen to be assigned to one, or brought by one who is claimed to be a joint tort-feasor, that does not give to the assignment the character of a compromise or discharge of a tort-feasor, but is simply a purchase of a piece of property like the purchase of any other chose in action."

From judgment on a verdict for plaintiff for $1,000 and from an order denying a motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Hallock Drake*, for appellant. *B. W. Downing*, for respondent.

PRATT, J. *Welsh* v. *Cochran*, 63 N. Y. 181, is to the effect that one who issues process does not thereby authorize or become liable for the acts in excess of his lawful authority of an officer acting thereunder. It follows that for the illegal act of the sheriff in confining plaintiff, while in custody under an execution against the person, among convicts and criminals, the defendant was not responsible. For that violation of law the sheriff was responsible, and he alone. The refusal of the request thus to charge was error. Had the jury not considered that indignity as chargeable to defendant, it is unlikely that so large a verdict would have been rendered.

It appears in testimony that plaintiff has, in effect, received $4,435 from the principal in the tort by the discharge of a judgment for that amount. Request was made that the jury should credit that amount in assessing the damages, which request was refused. The result was to allow a double recovery, and to allow plaintiff to receive, were the judgment to stand, $5,435, for an injury of $1,000. The request should have been granted.

A question remains which goes to the whole action. It appears that in consideration of the agreement to discharge said judgment of $4,435, the plaintiff has assigned the claim now in suit to the plaintiff in the execution upon which the arrest now complained of was made. It was he who directed the issue of the execution against the body; he also ratified it after issue. He was thus a joint tort-feasor, for whose benefit the wrong was done. If this judgment stands, he will reap the benefits, will profit by his own wrong, and be allowed to punish his agent for obeying instructions. The law will not permit the principal tort-feasor to buy and enforce against his subordinates claims for damages occasioned by his instructions.

Other exceptions are urged, but as the one last considered is fatal, they do not need to be considered. Judgment reversed, new trial ordered, costs to abide event. All concur.