## GUILFOYLE v. SEEMAN et al.

(Supreme Court, Appellate Division, First Department.   June 9, 1899.)

1. TROVER AND CONVERSION—WRONGFUL ATTACHMENT—EVIDENCE.
    An action for conversion of goods, alleged to have been taken under an attachment in an action by defendant against a third person, is properly dismissed, when there is no proof that the officer acted under the direction of defendant in making the levy.

2. SAME—ACT OF ATTORNEY.
    A client is not liable for the act of his attorney in directing the levy of an attachment on property of a third person.

Appeal from trial term, New York county.

Action by Mary E. Guilfoyle against Joseph Seeman and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. .

Argued before BARRETT, RUMSEY, McLAUGHLIN, and IN-GRAHAM, JJ.

William Henry Knox, for appellant.
Samuel W. Weiss, for respondents.

RUMSEY, J.   The action is brought for the conversion of a store of goods in Englewood, N. J., belonging to the plaintiff.   The allegation is that the defendants, by their agent, the sheriff of the county of Bergen, N. J., without service of any papers or other process of law, on the 7th of September, 1893, under pretext of an alleged attachment of $600 in favor of the defendants against one Langdon, unlawfully trespassed upon, and took possession of, a grocery business, including a stock of goods, furniture, fixtures, etc., which were then in the actual possession of the plaintiff, and converted the same to their own use.   The answer contains a general denial.   It also contains an affirmative defense, and a partial defense, by way of mitigation of damages, which it is not necessary for us to consider.   At the close of the testimony, the counsel for the defendants moved to dismiss the complaint upon the ground, among others, that no cause of action had been established, and that the defendants had not been connected in any way with the alleged levy by the sheriff.   The decision of this motion was reserved by the court until after the coming in of the verdict, and, the jury having returned with a verdict for the plaintiff, the court set aside the verdict, and granted the motion to dismiss the complaint.   To that ruling an exception was taken, which brings up the question presented upon this appeal.   That question, as presented by the appellant's counsel, is simply whether, upon the facts stated, the jury might have found that the plaintiff had proved the allegations of her complaint.

It appeared from the testimony that on the 6th of September, 1893, in Englewood, Bergen county, N. J., the plaintiff was in possession of a grocery store, which had recently been transferred to her by one Langdon, her brother, who had been in possession of it immediately before. The plaintiff claimed, in her testimony, that she in fact had been at all times the owner of the property, and Langdon had taken title to it substantially as her agent and for her benefit. Whether that was so, it is not material to consider in this case. It appeared that Langdon was indebted to the defendants, who° were wholesale grocers in the city of New York, in the sum of something over $600. The plaintiff testified that on the 7th of September, 1893, the sheriff of the county of Bergen, levied an attachment upon the goods, in an action against Langdon, in which these defendants were plaintiffs, and that he took possession of the property, which remained in his possession for 36 hours or thereabouts. It is not necessary to consider what took place with regard to the property after that time, because the sole claim of the plaintiff is that the property was converted by the sheriff under the attachment sued out by the defendants in this action against Langdon, and, unless she has established that conversion, she has failed in this action.

While the plaintiff stated, as we have said, that the sheriff of Bergen county took possession of the property upon an attachment against Langdon, in an action in which the defendants here were plaintiffs, yet the papers in that case were not produced, and there was no competent evidence whatever of any such attachment, or of any authority by which the sheriff made a levy upon the goods. But assuming, for the purposes of this appeal, that it was sufficiently made to appear that the sheriff of Bergen county levied upon these goods upon an attachment in the case of Seeman against Langdon, nevertheless there was a fatal defect in the plaintiff's proof, by reason of which her complaint should have been dismissed, as it was. The plaintiff made no proof whatever that the act of the sheriff, in taking her goods upon an attachment against Langdon, was done by direction, or even with the knowledge, of the defendants here, who were plaintiffs in that action. So far as appeared in this case, the action of the sheriff was taken purely upon his own responsibility. For such action the plaintiffs in that attachment case were not liable. The sheriff was not their agent to do any other act than that prescribed by the process which was put in his hands, and that process called upon him to levy upon the goods of Langdon. If he saw fit to levy on the goods of some one else in his attempt to execute that process, either by his own mistake or for any other reason except the direction of the plaintiffs in the attachment, that was his own trespass, and not an act for which these defendants could be made liable. Welsh v. Cochran, 63 N. Y. 181.

It is quite true that the plaintiffs gave some evidence tending to show that one Alexander, who was the attorney for these defendants, was present when the sheriff levied upon the goods in the grocery store; but it does not appear that Alexander directed.

the levy to be made, and, if it had appeared, the plaintiffs in that action would not have been liable for the trespass directed by their attorney to be committed. The attorney has no authority, as such, to charge the plaintiffs in an action with a levy upon the property of any other person than the defendant, by virtue of a warrant of attachment sued out against the defendant. To make the plaintiffs in that action liable for the act of the attorney, it is necessary that affirmative evidence should be given to charge them personally with his act. Welsh v. Cochran, supra. Nothing of this sort was made to appear in this case, and there was an entire lack of evidence to charge the defendants with any liability for the act of the sheriff in making the levy which was supposed to have been made.

For this reason alone, without considering the other points which were presented by the respondent to sustain this judgment, we conclude that the act of the court in dismissing the complaint was proper, and the judgment should be affirmed, with costs. All concur.