ALEXANDRA L. IDE, Appellant, *v.* JOHN B. FINN and FRANK
M. FINN, Respondents.

First Department, March 11, 1921.

**Trial — when motion to dismiss deemed made though record does
not so state — landlord and tenant — possessory remedies — war-
rant requires marshal to remove tenant's property — tenant liable
for expenses advanced by landlord to marshal in removing prop-
erty — landlord not liable for damage done by marshal to tenant's
property — liability of marshal and his employees for acts in excess
of authority — landlord not liable for damage caused by unauthor-
ized direction of her attorney.**

Where the remarks of the trial court, as shown by the record, indicate that
the defendants moved to dismiss the complaint and that the plaintiff
moved to dismiss the counterclaim, it will be deemed, on appeal, that
those motions were made though the record does not so state.

A warrant issued in summary proceedings, which requires not only that
the tenant shall be removed but that the landlord shall be put into full
possession of the premises, authorizes and requires the marshal to remove
the tenant's property.

A tenant is liable on an implied obligation to reimburse the landlord for
moneys paid to a marshal to hire men to remove the tenant's property
from the premises under a warrant in summary proceedings, where the
situation is such, owing to the nature and extent of the tenant's property,
that the marshal refuses to remove it unless the landlord will advance
the amount required for help in so doing.

The landlord, though she pays the expense incurred in removing the property,
is not liable for any damage done by the marshal, or the men he hires to
assist him.

The warrant protected the marshal and those employed by him to the
extent of their authority thereunder, and *it seems* that if they went
beyond such authority they became trespassers and are liable therefor.

Since there is no evidence that the landlord authorized her attorney to
direct the marshal or his men to break the property in removing it, she
is not liable though such direction was given.

APPEAL by the plaintiff, Alexandra L. Ide, from a determina-
tion and order of the Appellate Term of the Supreme Court,
First Department, entered in the office of the clerk of said
court on the 6th day of February, 1920, affirming a judgment
of the Municipal Court of the City of New York, Borough of
Manhattan, Ninth District, and also from an order of said

Appellate Term entered in said clerk's office on the 8th day of March, 1920.

Thomas L. Walsh of counsel [Norwood & Walsh, attorneys], for the appellant.

James A. Hughes of counsel [James I. Cuff with him on the brief; Young & Hughes, attorneys], for the respondents.

LAUGHLIN, J.:

The complaint contains three counts. The first is for damages consisting of disbursements required to be made by plaintiff owing to the failure of the defendants as the plaintiff's tenants of premises in the borough of Manhattan, New York, to remove their property from the premises on the expiration of their lease and after final order of the Municipal Court made on the 5th day of February, 1917, in a summary proceeding instituted by the plaintiff as landlord against them, which awarded the possession of the premises to the plaintiff, and pursuant to which a warrant was duly issued on the 7th day of February, 1917, to the sheriff of the county or to any marshal of the city commanding the officer to remove the defendants from the premises and to put the plaintiff in full possession thereof. The damages are alleged to consist of the sum of $245 expended and paid out " by or for the account of plaintiff " in removing the property of the defendants and putting the plaintiff in full possession of the premises pursuant to the command of the warrant; and it is alleged that payment thereof was duly demanded of the defendants and refused. The second count is for damages for the failure of the tenants to keep the premises in repair as required by the lease; and the third is for damages for the failure of the tenants to remove rubbish and clean up the premises at the expiration of the term. The second count was dismissed by the court without objection at the close of the plaintiff's case. The original answer merely contained denials of certain material allegations of the complaint. At the opening of the trial, on the admission by the defendants of all of the

allegations of the first count of the complaint with the exception of the damages, the answer was amended by consent by alleging that pursuant to the warrant the defendants were removed from the premises by a city marshal and the plaintiff was placed in full possession thereof and that in the course of the removal of the property of the defendants from the premises " the plaintiff, her agents and servants, and the city marshal who executed said warrant, wilfully, wantonly, knowingly and negligently destroyed property belonging to said defendants, without any neglect on the part of defendants, and that by reason of the premises, defendants have been damaged in the sum of $1,000."

The evidence on the part of the plaintiff shows that Mr. Walsh, one of her attorneys, ordered City Marshal Peyser to obtain the warrant from the clerk of the Municipal Court and to execute it, and that the marshal obtained the warrant and executed it by ordering his assistant, one Lax, to employ men to remove the property of the defendants; that Lax employed thirty men the first day, fifteen the second day, ten the third day and one-half of the fourth day, at four dollars each per day, aggregating two hundred and forty dollars, which was the reasonable value of their services; that Lax superintended their work and did not see them commit any acts damaging the furniture of the defendants. The lease provided that the defendants were to use the premises for the sale of desks and office furniture only. It appears that the premises leased by the defendants consisted of a ground floor and basement and sub-basement in which they carried on a second-hand furniture business. Lax testified that the basement and sub-basement were full of furniture and partitions, " all big, heavy, bulky stuff," and that the area of the premises was about 40 by 300 feet and that one piece of furniture was as wide as and about half the length of the court room and required fourteen men to move it. On cross-examination he testified that the men employed by him put the furniture on the sidewalk and in the alley; that other men, evidently in the employ of the defendants, were engaged in moving it therefrom to a new store in the neighborhood; that Mr. Walsh told him to remove forthwith the property of the defendants from the premises and to get the

men to do it and that he reported this to the marshal from whom he received authority to employ the men after he so reported; that he paid the men so employed each night and received the money therefor from Walsh; that he instructed the men in handling the furniture to get the property out as quickly as they could and to be careful for the marshal was liable for damages; and that he also received from Walsh four dollars per day. After the property was removed, the marshal made a return to the effect that he had put the petitioner into full possession of the premises pursuant to the command of the warrant. The marshal testified that he employed Lax and directed him to see and inform Walsh exactly what the work would cost, and that Walsh gave Lax the money; that the plaintiff's attorneys paid him whatever he requested, and that he was personally present the greater part of the time during the execution of the warrant. On cross-examination the marshal testified that it was the duty of Lax to see that the property was properly removed; that he himself spent five or six hours at the premises each day during the removal and sometimes was there all day; that the men were hired by Lax by the direction of Walsh, and that he knew of no authority in law authorizing the marshal to hire men for such work, and that his understanding was that the landlord was liable for the acts of those thus employed. The plaintiff showed the payment of eighteen dollars for cleaning up and removing debris and glass from the premises and that this was the reasonable value of the work.

At the close of the plaintiff's case the defendants moved to dismiss the third count for removing the rubbish, and the motion was denied; but they made no motion to dismiss the other count. The only evidence offered by the defendants was the testimony of the defendant Frank M. Finn. He testified, among other things, that before the marshal came there, the defendants had removed the furniture from the store or street floor; that the greatest number of men employed in removing the furniture under the warrant was eight, and that at times there were only three or four so employed; and that as the furniture was moved onto the sidewalk and into the alley the defendants with from eight to ten men

moved it to their new store two doors distant; that there was quite a lot of furniture, including bank partitions, chairs, counters and tables, " big, bulky stuff," in the basement, which was moved out by the men employed, as claimed by the plaintiff, after the marshal came there; that those so employed were lodging-house men who did not understand the work; that from two dollars to three dollars per day was reasonable compensation for that class of men; that he offered to take apart pieces which were too big for the men to handle, but was not permitted so to do, and under the direction of Lax the men broke them up. His testimony tends to show that the dimensions of the premises were considerably smaller than estimated by Lax, and that the furniture and other property of the defendants was willfully or negligently and unnecessarily damaged in an amount far greater than the sum for which the counterclaim was interposed, and that some of the property was stolen and carried away. He further testified that the marshal was around there and looked things over nearly every day and then went away and that he complained of these things to the marshal; that Walsh was there the first day and told Lax to " break the stuff up and throw it out, quick," to " break the stuff they could not handle;" that the rubbish for the removal of which the plaintiff seeks to recover consisted principally of glass and furniture thus broken up. No evidence was offered in rebuttal of this testimony and this concluded the evidence. The record shows that the defendants then *" renewed "* their motion to dismiss, which, however, had not been made before with respect to the first cause of action; and that thereupon the court said: " Motion to dismiss the complaint, decision reserved. Motion to dismiss the counterclaim, decision reserved." The record does not otherwise show or indicate that the plaintiff made a motion to dismiss the counterclaim and no exception was taken by either party to the rulings of the court. Thereupon counsel summed up and the court charged the jury; and instructed them that the warrant authorized the marshal to remove the property, but that it was the duty of the marshal " and other representatives of the landlord " to exercise reasonable care to avoid damaging or destroying the property, and that if the agents, repre-

sentatives and employees of the landlord failed to exercise
reasonable care in handling the property and damaged or
destroyed it, the defendants were entitled to recover for the
negligence of the employees of the marshal or the plaintiff;
but that if the employees of the marshal or other representa-
tives of the landlord exercised reasonable care in the selection
of men and in the removing of property and did not damage
or destroy it, their verdict must be in favor of the plaintiff;
that the defendants admitted that the plaintiff was entitled
to recover for the reasonable amount of expenses incurred
in removing the property, but that the jury were to consider
the counterclaim of the defendants for damages caused by
negligence in removing it; that if they found that the plaintiff
was not responsible for any damages or that no damages had
been sustained by the defendants, their verdict should be for
the plaintiff. At the close of the charge in chief the court
further instructed the jury at the request of counsel for the
plaintiff that the authority given by the plaintiff or her
attorneys to the marshal was only coextensive with the
warrant and that there was no presumption without evidence
that the instructions of the plaintiff were to destroy the
furniture and that Lax and the men employed by him were
employed by and the agents of the marshal; and at the
request of counsel for the defendants the jury were further
instructed that if they found for the plaintiff and also for
the defendants on the counterclaim, they should deduct from
the larger amount the amount found in favor of the other
party and their verdict should be for the difference. The
only exception taken to the charge was an exception by the
defendants to an instruction that Lax and those employed
by him were employed by and the agents of the marshal.
It does not appear, otherwise than by the statement of the
court hereinbefore quoted, that the plaintiff at any time
questioned the sufficiency of the counterclaim, and it appears
that the evidence in support of the counterclaim was received
without objection and without any motion having been made
to dismiss the counterclaim. Since, however, the remarks
of the court indicate that defendants moved to dismiss the
complaint and the plaintiff moved to dismiss the counterclaim,
we are of opinion that it must be deemed that those motions

were made. When the verdict was received, the plaintiff made a motion under section 999 of the Code of Civil Procedure to set it aside and that was denied.

It thus appears that the case was tried upon the theory, acquiesced in by the defendants, that the plaintiff was entitled to recover unless the property was unnecessarily damaged in an amount greater than plaintiff's claim, for on no theory was plaintiff's right to recover questioned until after the evidence with respect to the damages had been presented by the defendants. The jury allowed the claim of the plaintiff to the extent of $245 which, as to the amount, was warranted by the evidence; and also allowed the claim of the defendants to the extent of $1,000 as demanded in the counterclaim, and with respect to the amount, that finding is amply sustained by the evidence. Counsel for the appellant claims that since the warrant was regularly issued and was valid and authorized the removal of the property, his client is not responsible for the acts of the marshal thereunder or of those employed by him; that since it was not shown that she authorized her attorney to direct the marshal's assistant or employees to break up the furniture, such direction, if given, was in excess of his authority and she is not liable therefor; that the marshal had authority to employ men to assist him in executing the warrant and that even if the plaintiff authorized or requested their employment, they were acting under and subject to the control of the marshal and she is not responsible for their acts; that in view of the charge that Lax and the men employed by him were the agents of the marshal, the counterclaim should not have been submitted to the jury and plaintiff's motion to dismiss it should have been granted and that the court erred in instructing the jury that the plaintiff was liable for damages caused by the negligence of the employees of the marshal in removing the property. With respect to these points of law there is a dearth of statutory or judicial authority, and the decisions bearing thereon are not in harmony. It seems quite clear that the warrant, which requires not only that the tenant shall be removed but that the landlord shall be put *into full possession of the premises,* authorized and required the marshal to remove the property of the tenants; but it appears that the marshal is only

authorized to receive for his services in executing such a warrant the sum of one dollar (Municipal Court Code [Laws of 1915, chap. 279], § 178); and no provision is made by statute authorizing him to employ others or entitling him to reimbursement therefor.

In no other manner, however, than by the removal of the tenants and their property could there be a full compliance by the marshal with the command of the warrant, which follows the phraseology of section 2251 of the Code of Civil Procedure and commands the officer to remove all persons from the premises and to put the landlord in full possession thereof. These provisions are broader than the statutory provisions applicable to a writ of possession to be executed by the sheriff which are contained in section 1373 of the Code of Civil Procedure and require the sheriff " to deliver the possession of the property, within his county, to the party entitled thereto." It is well settled that it is the duty of the sheriff in executing such a writ to remove from the premises the property and effects of the person against whom the writ is issued. (Crocker Sheriffs, § 571; 3 Freem. Ex. 2465, 2470; 9 R. C. L. 934; *Witbeck* v. *Van Rensselaer,* 64 N. Y. 27, 32; *Lee Chuck* v. *Quan Wo Chong Co.,* 81 Cal. 222, 229.) Both with respect to a marshal or constable acting under a dispossess warrant in summary proceedings and with respect to the sheriff acting under a writ of possession, the statute merely provides for a specific nominal fee of one dollar for a marshal (Municipal Court Code, § 178), fifty cents for a constable (Code Civ. Proc. § 3323) and one dollar and fifty cents for a sheriff outside of New York county and other counties specified, and five dollars in New York county and in other specified counties included in the city of Greater New York, and traveling fees (Code Civ. Proc. § 3307); and with respect to a marshal it is provided in said section 178 of the Municipal Court Code, in effect, that he shall perform all services which he is required by law to perform without further compensation. It is manifest, however, that it would be unreasonable to require a marshal executing such a writ and receiving only one dollar therefor, to remove the tenant's property and effects personally, for in many instances, as in the case at bar, that could not be done by a single individual, or to pay

personally the expenses necessarily incurred which often, as here, might amount to a considerable sum. If the landlord had relieved the marshal from the duty to remove the property in question and had accepted possession with the property of the tenants still on the premises, he would have been warranted in removing and storing it and could have recovered of the tenants the reasonable cost thereof on the theory of an implied contract, for it was primarily the duty of the tenants to remove their own property. (1 McAdam Landl. & Ten. [3d ed.] 106.) The removal to the street and alley, however, could only be justified under the warrant. If the plaintiff had insisted upon the removal of the property by the marshal without the advancement of funds for disbursements or an agreement on her part to reimburse the marshal therefor, it is perfectly plain that the marshal would not have removed the property and I think he would not have been required by mandamus to remove such property at his own expense and surely not if he did not have the necessary funds available for hiring men. The situation here presented may be regarded, I think, as one in which, owing to the nature and extent of the property of the tenants, the marshal refused to remove it unless the landlord agreed to advance the amount he would be required to expend for help in so doing. That is the effect of his testimony that he required Lax to determine what it would cost and to inform the attorney for the landlord and obtain from him the money. The expenditure of this money by the plaintiff was, therefore, necessary in order that she might have the possession of her premises and it was caused by the failure of the tenants to remove their property according to their agreement contained in the lease. I am, therefore, of opinion that there was an implied obligation on the part of the tenants to reimburse the landlord and that it is no answer thereto for them to say that the marshal should have removed their property without charge other than his nominal fee. Having failed to perform their own duty, they cannot meet the claim of the landlord for reimbursements by saying that the landlord could have compelled the marshal to do his duty. Litigation to compel the marshal to remove the property would have taken some time during which the landlord would have been deprived of the use of

her property to which she was immediately entitled. It
should, therefore, be held that this was not a voluntary and
unnecessary disbursement incurred by her in procuring to be
done that which it was the duty of the defendants to do.
(See *Stenton* v. *Jerome*, 54 N. Y. 480.)   Ordinarily tenants
remove their effects, and when they do not, I believe it is and
always has been the practice for landlords to advance to the
official who is required to execute the warrant the funds neces-
sarily required for such disbursements; but it would seem that
there should be legislation authorizing it and affording a remedy
against the tenant for reimbursement.   Prior to the amendment
of section 3307 of the Code of Civil Procedure by chapter 462
of the Laws of 1884, authorizing reimbursement of a sheriff
for expenses incurred in employing watchmen to guard
property levied upon or attached, it had been held that the
sheriff was not entitled to charge therefor or to reimbursement
from either party unless there was an express agreement for
such reimbursement, but where there was such an agreement,
it was deemed valid and enforcible.   (*Crofut* v. *Brandt*, 58
N. Y. 106; *Mc Keon* v. *Horsfall*, 88 id. 429; *Lord* v. *Richmond*,
38 How. Pr. 173; *Murtagh* v. *Conner*, 15 Hun, 488; *McGonigle*
v. *Kranis*, 94 Misc. Rep. 328; *Brown* v. *Cooper*, 65 How. Pr.
126.)   Where a sheriff is not required by law to discharge a
duty without compensation and no fee is prescribed for the
particular service, he is entitled to recover reasonable com-
pensation therefor.   (Crocker Sheriffs [2d ed.], §§ 824, 1144;
*Crofut* v. *Brandt, supra.*)   In *Grayrock Land Co.* v. *Wolff* (67
Misc. Rep. 153) the Appellate Term in this department held
that a landlord could not recover of a tenant for money paid to
a marshal to employ men to remove the tenant's property in
executing a dispossess warrant;  but that decision was predi-
cated, in part, on the erroneous theory that the warrant only
authorized the removal of the tenant.   In *Jansen* v. *Bernard*
(12 Wkly. Dig. 499) the General Term in the Third Department
in affirming a judgment in favor of the defendant in an action
by an assignee of a tenant for damages to goods through
negligence in removing them by which they were stolen, lost,
injured and destroyed, stated that the landlord having directed
and caused the removal of the property, would be liable for
the unlawful acts of the constable, but it was held that the

First Department, March, 1921.          [Vol. 196

referee properly found that there was no illegal or negligent act. Therefore, the other observations were obiter. Moreover, it there appeared that the landlord directed the acts of which complaint was made. In *Higenbothem* v. *Lowenbein* (28 How. Pr. 221) it was held by the General Term of the Superior Court that under a dispossess warrant the property of a tenant may lawfully be placed in the street during a rainstorm. In that case, the landlord, at the request of the constable, assisted in the removal of the property and it was held that the dispossess warrant was a protection unless the landlord acted maliciously and willfully. In *Conway* v. *Kennedy* (2 C. C. Rep. 309) where, instead of putting the tenant's property on the sidewalk under a dispossess warrant, it was put in the cellar of the premises by the direction of the landlord, who refused to surrender it without payment of storage charges, McADAM, J., held that if the property had been put on the sidewalk, the landlord would not be liable but that by having it put in the cellar, he became a gratuitous bailee and was liable for refusing to deliver up possession thereof on demand. In *Croft* v. *King* (8 Daly, 265) it was held that the dispossess warrant was no protection to a landlord in an action against him by a subtenant who was not made a party to the proceeding but was in possession of part of the premises with the consent of the landlord and was removed under the warrant through failure of the landlord to inform the marshal with respect to his rights. In *Welsh* v. *Cochran* (63 N. Y. 181) defendant caused a warrant of attachment to be issued against the goods of a bankrupt and under it the marshal seized property not belonging to the bankrupt and in an action for the wrongful seizure it was held that a party procuring the issuance of a process confers only implied authority co-extensive with that conferred thereby and is not liable for a trespass committed by the officer, unless he authorized it, and that in the absence of special authority from the client, the act of his attorney in such case in authorizing the commission of a trespass by the officer does not render the client liable therefor. It is the general rule that a party is not responsible for the manner in which an officer executes a valid process duly issued and that the officer only becomes his agent where the process is irregular, unauthorized

or void. (*Guilfoyle* v. *Seeman*, 41 App. Div. 516; *Young* v. *Stone*, 33 id. 261, 265; *Siersema* v. *Meyer*, 38 Misc. Rep. 358; *Hall* v. *Waterbury, Smith & Co.*, 57 How. Pr. 131.)

There having been no appeal by the defendants, we are not concerned with the verdict in so far as it was in favor of the plaintiff, excepting to consider whether, in the event of a reversal, a new trial should be granted or judgment should be directed on the verdict in favor of the plaintiff. With respect to the defendants' counterclaim it is now contended that the damages claimed were inflicted by those employed by the marshal to execute the warrant and that even though the marshal may have exceeded his authority, and may have failed to exercise proper care and his employees may have been guilty of willful, malicious or negligent acts causing the damages, plaintiff is not responsible therefor. Counsel for the respondents contends, however, that the plaintiff in suing for the money expended in paying those employed by the marshal must be deemed to have ratified their acts. I think that does not follow. It does not appear that the expenses were increased by the alleged wrongful or negligent acts and the plaintiff only sought a recovery for the amount which it became necessary for her to pay to have the property of the defendants removed by and under the direction and supervision of the marshal. I think that does not make her responsible for the acts of the marshal or of those employed by him. The warrant protected them to the extent that their acts were authorized thereunder and if they went beyond its authority, they became trespassers and doubtless are liable therefor. If the attorney for the plaintiff directed the breaking up of the property, there is no evidence that she authorized it and, therefore, she is not liable. (*Welsh* v. *Cochran, supra; Guilfoyle* v. *Seeman, supra; Young* v. *Stone, supra.*) I am, therefore, of opinion that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court should be modified by dismissing the counterclaim and setting aside the verdict in favor of the defendants thereon, with costs, and by awarding judgment for the plaintiff on the verdict in her favor, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination reversed and judgment of Municipal Court modified by dismissing counterclaim and setting aside verdict for defendant and by awarding judgment for plaintiff on the verdict in her favor, with costs, and as so modified affirmed, with costs to appellant in this court and in the Appellate Term.