OPINION OF THE COURT
Edward H. Lehner, J.
The plaintiff in this action was removed from his apartment on July 3,1980 pursuant to a warrant duly issued in a summary proceeding in this court. Items that were in his apartment immediately prior to his eviction were not located when he redeemed his property from the New York City Department of Sanitation, which is charged with storing property removed during an eviction.
Plaintiff sues Danny Weinheim, the City Marshal who performed the eviction, the landlord and the moving company. Significantly, he did not join the City of New York. At the trial he testified with respect to the property which was missing, but failed to produce any invoices to establish *82 the purchase price and date of purchase of any of such property. Interestingly, he related that when he sought his property, he found that the Sanitation Department was holding furniture for him that in fact did not belong to him, which he thus did not take.
The Marshal testified that the two major items which the plaintiff claimed were missing, to wit: a Sony televisión and a radio, were in fact included in his inventory and were placed in cartons, which he sealed with tape on which he wrote his name. He did not note the serial numbers of such items nor tag them. The cartons were then removed by the movers, who had been retained by the landlord.
The foreman of the moving company testified that he did not keep inventories of items placed in cartons, but only kept records of the number of cartons removed, which in this case was two. He further testified that the cartons were then taken to the moving company’s warehouse and a few days later delivered to the Bureau of Encumbrances of the New York City Department of Sanitation.
The court concludes that (1) a Sony television and a radio were in plaintiff’s apartment at the time of his eviction, (2) they were placed into a carton by the Marshal and the moving company, and (3) they were not included in property which the Bureau of Encumbrances delivered to the plaintiff. Thus, plaintiff has, as a result of the eviction, lost some of his property. However, there was no testimony as to how it was lost, all of the defendants claiming lack of any knowledge of what happened to the items.
To determine this action, a brief review of the regulations governing the activities of City Marshals is appropriate.
Pursuant to subdivision 2 of section 1609 of the New York City Civil Court Act (CCA), the Appellate Divisions are authorized to promulgate “rules and regulations concerning performances of official duties of marshals”, but CCA 1612 authorizes them to delegate such authority. Under Joint Administrative Order No. 453 of the Appellate Divisions for the First and Second Departments (22 NYCRR 635.9), the New York City Commissioner of Investigations has been delegated the task of supervising City *83 Marshals and issuing regulations with respect thereto, which regulations are subject to approval of the Appellate Divisions. Pursuant to this authority, such commissioner has issued a handbook of regulations with respect to the activity of City Marshals, which was approved on February 10, 1978.
Under section 6-3 of the regulations, a Marshal is required to store property of evicted tenants with the Bureau of Encumbrances of the Department of Sanitation unless the tenant indicates a contrary intent. The cost of removal is borne by the landlord.
Section 6-4 of the regulations requires that the “marshal must inventory, by make and serial number, all appliances, including television sets and stereophonic equipment”. Television sets “are not to be placed in sealed cartons and must be tagged”. The regulation then provides that the “movers must prepare their own inventory on multiple-copy forms supplied by the Department of Sanitation”. Section 6-5 requires that the cartons be sealed with the landlord’s or Marshal’s signature clearly written across the seal and if a “carton or seal is broken or has been tampered with, the entire load of the mover will be refused acceptance by the Department of Sanitation”.
The testimony of the Marshal shows that in performing this eviction he violated three specific provisions of these regulations, to wit: (1) he packed the Sony television in a sealed carton, (2) failed to tag it, and (3) failed to note the serial number.
The court in no way views the Marshal as having personally converted the plaintiff’s property. But, it believes that his disregard of the regulations under which he is licensed, which were promulgated so as to provide safety to property of evicted tenants, was a cause of the property having disappeared. Thus, he should be held liable for such loss.
The mover, having performed many evictions, and having testified that he participated with the Marshal in the packing of the television set, is charged with knowledge of the improper means of handling this property. Thus, the moving company is jointly liable with the Marshal. A *84 Marshal is not an agent of the city, nor of the landlord unless the warrant is unauthorized (Iorio v City of New York, 96 Misc 2d 955). However, since the landlord hired the moving company, it becomes the agent of the landlord, who is thus responsible for such party’s improper removal of plaintiff’s property.
With regard to damages, although plaintiff failed to produce an invoice for the television, the court believes his oral testimony of a purchase within a year of the eviction for approximately $600 and finds that the fair and reasonable value of such television at the time of loss to be $400. Therefore, judgment is awarded to plaintiff against all of the defendants in that amount with interest from July 3, 1980.
With respect to other property allegedly lost, the court cannot grant him judgment primarily because he failed to join the City of New York, a party the court deems necessary if a proper determination of fault is to be made. Without the city being present there is no way the court can ascertain whether the property was lost through action of the movers or the Department of Sanitation. Such department being the mandated agency for the storage of such property is not agent of any of the defendants herein. Thus, without a finding of fault by any such parties, as has been found herein with regard to the television, if property were lost while in the possession of the department none of the parties before the court could be held liable.
In view of the above, the court recommends that the Office of Court Administration, pursuant to its obligation under section 1803 of the CCA (subd [b]) to provide information to Small Claims Part claimants, include a suggestion that when property is missing as a result of an eviction that the Marshal, the mover, the landlord and the city be joined as party defendants.
But since even with all such parties before the court, it will still be difficult to ascertain where the loss occurred, the court further recommends that the Department of Investigations promulgate regulations to require better record keeping during the eviction process. It would seem that the moving company that works with the Marshal *85 during the eviction process should be required to keep a detailed inventory of what is removed, similar to that which the Marshal is required to keep. Further, I would require that before the Department of Sanitation accepts cartons for storage that it be mandated to open the cartons and verify the inventory taken by the mover.
In my two-month tenure as a member of this court, three suits were tried before me alleging loss of property as a consequence of an eviction. I believe that the looseness of the current procedures has resulted in certain persons involved in the process taking liberties with the property of evictees, many of whom never claim their property. With improved record keeping and tighter procedures the courts will be in a position to better lay blame in these actions.