Richard W. Breslin, Esq. Informal Opinion County Attorney No. 95-25 County of Chenango County Office Building Norwich, N Y 13815
Dear Mr. Breslin:
You inquire whether in executing a warrant issued pursuant to the provisions of section 749(1) of the Real Property Actions and Proceedings Law (hereafter "RPAPL"), a sheriff must effect the removal of the personal property of the person to be evicted or dispossessed. We conclude that a sheriff must effect the removal of the personal property of the person to be evicted or dispossessed unless the successful petitioner relieves the sheriff of the duty to do so.
Real Property Actions and Proceedings Law Article 7 provides for a special proceeding to recover possession of real property, and is often used by a landlord who seeks to evict a holdover tenant or a tenant who has defaulted in the payment of rent. RPAPL § 711. The judgment of a successful petitioner is carried out by the execution of a warrant provided in RPAPL § 749(1). RPAPL § 749(1) provides as follows:
 1. Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff of the county or to any constable or marshal of the city in which the property, or a portion thereof, is situated, or, if it is not situated in a city, to any constable of any town in the county, describing the property, and commanding the officer to remove all persons, and, except where the case is within section 715, to put the petitioner into full possession.
Real Property Actions and Proceedings Law Article 7 has long-standing statutory precedents. Both the Civil Practice Code of 1920 and the Code of Civil Procedure of 1876 (hereafter "1876 CCP") authorized summary proceedings to recover possession of real property. See, generally, RPAPL § 701, Historical Note. A judgment in a summary proceeding under the 1876 CCP was enforced through execution of a warrant ". . . to remove all persons therefrom . . . and to put the petitioner into the full possession thereof". 1876 CCP § 2251.
In Ide v Finn, 196 App. Div. 304 (1st Dept 1921), the Court advised that with respect to a warrant issued in a summary proceeding pursuant to 1876 CCP § 2251 (the provisions of which are nearly identical to the provisions of RPAPL § 749[1]), a marshal is authorized and required to effect the removal of the personal property of a tenant. Ide, at pp 310-312. The Court indicated, nonetheless, that a landlord might relieve a marshal from the duty of removing the tenant's personal property and accept possession with tenant still on the premises. Ide, at p 312; Witbeck v Van Rensselaer, et al., 64 N.Y. 27, 32
(1876); Lee Chuck v Quon Wo Chong Co., 22 P22 (Sp Ct Cal 1889).
In Regan v Tally Ho Trucking, 103 Misc.2d 269, N Y City Civ Ct Bronx Co 1980), the Court upheld as valid a marshal's execution of a warrant issued in a summary proceeding by changing the locks of tenant's premises and without removal of tenant's personal property, in accordance with provisions of the New York City Marshals Handbook of Regulations. Regan, at p 274. The powers of marshals in the City of New York are governed by Article 16 of the New York City Civil Court Act (hereafter "NYCCA"). NYCCA § 1609(1) provides that all provisions of law relating to the powers and duties of sheriffs shall apply to City marshals. See, Torie vCity of New York, 96 Misc.2d 955 (NY City Civ Ct Bronx Co 1978). NYCCA § 1609(2) requires the Appellate Divisions to promulgate rules and regulations concerning performance of the official duties of the City marshals, and section 1612 allows the Appellate Divisions to delegate this authority. Under Joint Administrative Order No. 453, the Appellate Divisions, First and Second Departments, delegated to the New York City Department of Investigation authority to promulgate a handbook of regulations for City marshals, subject to the approval of the Appellate Divisions. Marcado v Weinheim, 108 Misc.2d 81 (NY City Civ Ct Bronx Co 1981); 22 NYCRR § 635.9(4)(b). This handbook, the "New York City Marshals Handbook of Regulations", as most recently issued in July 1986 and approved by the Appellate Divisions (hereafter "Marshals Handbook"), sets forth duties of City marshals with respect to summary proceedings under RPAPL Article 7. In section 6-3 thereof, the Marshals Handbook distinguishes between an eviction and a legal possession. With respect to execution of a warrant to evict, the Marshals Handbook requires the City marshal to remove the tenant and his personal property. To deliver legal possession, the City marshal does not remove personal property but rather changes the locks to the premises and obtains the signature of the landlord on the back of the warrant,
acknowledging possession. Consistent with the concept expressed in Ide, that a landlord may relieve a City marshal executing a warrant from the duty to remove a tenant's personal property, the Marshals Handbook provides that City marshals are required to perform either an eviction or a legal possession, at the election of the landlord. Marshals Handbook, § 6-3 at pp 13, 16, 17.
In light of Ide, and the imprimatur of the Appellate Divisions of the First and Second Departments through approval of the Marshals Handbook, we conclude that a sheriff executing a warrant pursuant to Real Property Actions and Proceedings Law § 749(1) must effect the removal of the personal property of the person to be evicted or dispossessed unless the successful petitioner relieves the sheriff of the duty to do so. We note that petitioner is liable to the sheriff or marshall for the cost of removal of the tenant's personal property. 1983 Op Atty Gen (Inf) 174.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
MICHAEL D. MORGAN
Assistant Attorney General